**WILMER–HUTCHINS INDEPEN-
DENT SCHOOL DISTRICT,
Petitioner,**

v.

**Joyce E. SULLIVAN, Respondent.**

No. 00–0847.

Supreme Court of Texas.

June 21, 2001.

Eric W. Schulze, Walsh Anderson Brown Schulze & Aldridge, Austin, for Petitioner.

John E. Wall, Jr., Law Offices of John E. Wall, Jr., Dallas, for Respondent.

PER CURIAM.

The issue here is whether the trial court has jurisdiction over this suit for retaliatory discharge despite the plaintiff's failure to exhaust her administrative remedies when the defendant did not tell her such remedies existed. The trial court concluded that it lacked jurisdiction and dismissed the case. The court of appeals reversed and remanded, holding that jurisdiction must be determined solely on the plaintiff's pleadings. 47 S.W.3d 529 (Tex. App.—Dallas 2000). We agree with the trial court.

Joyce Sullivan received workers' compensation benefits for an injury she sustained while working as a custodian for the Wilmer Hutchins Independent School District. Ten months later, when her physician released her to return to work, the District told her that she had been terminated as part of a reduction in personnel for budget reasons. Believing that she had been terminated for filing a compensation claim, she contacted the District's attorney, who told Sullivan that she could not help her. The attorney did not inform Sullivan of the District's grievance procedures or suggest that she seek legal counsel.

Sullivan sued the District for retaliatory discharge. The District filed a plea to the jurisdiction on the ground that Sullivan had not exhausted her administrative remedies. The trial court sustained the plea and dismissed the case. The court of appeals reversed and remanded, holding that

Sullivan's pleading that she had exhausted her administrative remedies was conclusive, despite unchallenged evidence to the contrary, absent an allegation by the District that the pleading was fraudulently made to confer jurisdiction on the court when none existed. 47 S.W.3d at 532.

The court of appeals based its holding on its prior decision in *Bland Independent School District v. Blue*, 989 S.W.2d 441 (Tex.App.—Dallas 1999), which we have since reversed, 34 S.W.3d 547 (Tex.2000). Sullivan concedes, as she must, that the court of appeals' opinion conflicts with our decision in *Bland ISD*, but she contends that the court of appeals' decision to reverse the dismissal of the case was correct.

Sullivan admits that she did not exhaust her administrative remedies and acknowledges that exhaustion of remedies is a prerequisite to the trial court's jurisdiction in a case like this involving disputed fact issues. *See Texas Educ. Agency v. Cypress–Fairbanks Indep. Sch. Dist.*, 830 S.W.2d 88, 90 (Tex.1992); *Mission Indep. Sch. Dist. v. Diserens*, 144 Tex. 107, 188 S.W.2d 568, 570 (Tex.1945). But she argues that the District should be estopped from asserting a lack of jurisdiction by its attorney's conduct.

■ As a general rule, a court cannot acquire subject-matter jurisdiction by estoppel. *Nevitt v. Wilson*, 116 Tex. 29, 285 S.W. 1079, 1084 (1926); *see also Southern Surety Co. v. Inabnit*, 119 Tex. 67, 24 S.W.2d 375, 377 (Comm'n App.1930, opinion adopted) (holding that an agency may not acquire jurisdiction by estoppel). The rule has been applied in three cases involving circumstances very similar to those in the present case. In *Daniel ·v. Dallas Independent School District*, 351 S.W.2d 356 (Tex.App.—El Paso 1961, writ ref'd n.r.e.), a school custodian alleged that he had been wrongfully terminated because of his membership in a union. The plaintiff

argued that the school district was estopped to assert a lack of jurisdiction for failure to exhaust administrative remedies because the school board and superintendent had told him after his termination that "there was nothing more for him to do, and that as far as they were concerned the matter was concluded". *Id.* at 358. The court rejected the argument, stating that "jurisdiction of a court is so important and essential that it has long been held that it cannot be conferred by estoppel. It is a statutory creation or enactment, and cannot be waived or conferred by consent or estoppel...." *Id.* at 359.

In *Washington v. Tyler Independent School District*, 932 S.W.2d 686 (Tex. App.—Tyler 1996, no writ), the plaintiff alleged that the school district had terminated her for seeking compensation benefits. She argued that the district was estopped to assert a lack of jurisdiction for failure to exhaust administrative remedies because its representatives had failed to advise her of this prerequisite to filing suit. *Id.* at 689. Citing *Daniel*, the court concluded that even if the plaintiff could prove facts amounting to estoppel, jurisdiction could not thereby be conferred on the trial court. *Id.* at 690.

In *Janik v. Lamar Consolidated Independent School District*, 961 S.W.2d 322 (Tex.App.—Houston [1st Dist.] 1997, pet. denied), the plaintiff alleged that she had been terminated for discriminatory reasons. She claimed that the district had never told her of the administrative procedures that were prerequisite to suit. *Id.* at 324. Citing *Washington*, the court held that the trial could not acquire jurisdiction by estoppel. *Id.*

■ Sullivan does not attempt to distinguish *Daniel*, *Washington*, and *Janik* but argues simply that they were wrongly decided. We disagree. A party cannot by

his own conduct confer jurisdiction on a court when none exists otherwise. Even if the District misled Sullivan as she claims, her failure to exhaust her administrative remedies is fatal to her action.

Accordingly, the Court grants the District's petition for review and, without hearing oral argument, reverses the judgment of the court of appeals and dismisses the case for want of jurisdiction. TEX. R.APP.P. 59.1.