Joyce E. SULLIVAN, Appellant,

v.

WILMER HUTCHINS INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 05–99–01007–CV.

Court of Appeals of Texas, Dallas.

April 25, 2000.

Case Ordered Published by Supreme Court
June 21, 2001.

John E. Wall, Jr., Law Offices of John E. Wall, Jr., Dallas, for appellant.

Bridget Ranee Robinson, Eric William Schulze, Walsh, Anderson, Brown, Schulze & Aldridge, P.C., Austin, for appellee.

Before Justices WHITTINGTON, JAMES, and O'NEILL.

## OPINION

WHITTINGTON, Justice.

This is an appeal from an order dismissing Joyce Sullivan's suit for wrongful ter-mination against Wilmer Hutchins Inde-pendent School District (WHISD) on the ground that the trial court lacked subject matter jurisdiction. In a single issue on appeal, Sullivan contends the trial judge erred in granting WHISD's plea to the jurisdiction and dismissing her suit. For the reasons set forth below, we reverse the trial court's order and remand this cause for further proceedings.

### BACKGROUND

Sullivan began working as a custodian for WHISD on January 29, 1985. After she was injured on the job in January 1996, Sullivan applied for and received worker's compensation benefits. In No-vember 1996, Sullivan's doctor released her to return to work. When Sullivan contacted the personnel department at WHISD to tell them she could return to work, she was told she had been terminat-ed on June 10, 1996. The personnel man-ager told Sullivan he could not rehire her due to lack of funds but said that she should "check back" with him later about being rehired. Although Sullivan made several attempts to check back, she was told there was no position for her. Sulli-van then contacted a WHISD attorney about being reinstated; the attorney told Sullivan there was nothing she could do to help her. Sullivan asked a personnel rep-resentative for a policy manual but was told "they did not have one."

Sullivan then filed this lawsuit for wrongful termination alleging that she had been terminated by WHISD for filing a worker's compensation proceeding. In re-sponse, WHISD filed its answer and a plea to the jurisdiction. In its plea to the juris-diction, WHISD claimed the trial court lacked jurisdiction because Sullivan failed to exhaust her administrative remedies. Sullivan filed a response and an amended original petition in which she alleged all conditions precedent to the filing of her case had been met and that she had ex-

hausted her administrative remedies. On May 21, 1999, after a hearing on WHISD's plea to the jurisdiction, the trial judge dismissed Sullivan's claim for lack of subject matter jurisdiction. This appeal followed.

## SUBJECT MATTER JURISDICTION

In her sole issue on appeal, Sullivan contends the trial judge erred in granting WHISD's plea to the jurisdiction and dismissing this cause. Under this point, Sullivan contends we must vacate the trial court's order dismissing the cause because the district court had subject matter jurisdiction over her suit. We agree.

 Subject matter jurisdiction concerns the jurisdiction of a court to hear and determine a particular category of cases. *Hart v. Moore,* 952 S.W.2d 90, 93 (Tex.App.—Amarillo 1997, writ denied). The plaintiff generally bears the burden of alleging facts in her petition that affirmatively show the trial court has subject matter jurisdiction. *See Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993). A plea to the jurisdiction is a dilatory plea challenging the trial court's subject matter jurisdiction over a cause of action. *See Texas Parks & Wildlife Dept. v. Garrett Place, Inc.,* 972 S.W.2d 140, 142 (Tex.App.—Dallas 1998, no writ); *State v. Benavides,* 772 S.W.2d 271, 273 (Tex.App.—Corpus Christi 1989, writ denied); *see Bland Indep. Sch. Dist. v. Blue,* 989 S.W.2d 441, 445 (Tex.App.—Dallas, 1999, pet.granted). The purpose of the plea is to defeat the cause of action without reaching the merits of the case. *See Cox v. Klug,* 855 S.W.2d 276, 279 (Tex.App.—Amarillo 1993, no writ). When deciding whether to grant a plea to the jurisdiction, the trial judge must look solely to the allegations in the petition and must accept these allegations as true. *Bland Indep. Sch. Dist.,* 989 S.W.2d at 446; *Texas Parks,* 972 S.W.2d at 143; *see Firemen's Ins. Co. v. Board of Regents of*

*the Univ. of Tex. Sys.,* 909 S.W.2d 540, 541 (Tex.App.—Austin 1995, writ denied). The judge may only consider evidence when the defendant's pleadings assert "the allegations in the petition are false and were made only to confer jurisdiction where it would not otherwise exist." *Bland Indep. Sch. Dist.,* 989 S.W.2d at 447; *Curbo v. State, Office of the Governor,* 998 S.W.2d 337, 341 (Tex.App.—Austin 1999, no pet.) (factual allegations, including those related to any jurisdictional prerequisites, must be taken as true unless defendant pleads and proves that they were fraudulently made to confer jurisdiction); *Austin Home Ctr. Assocs. v. State,* 794 S.W.2d 593, 594 (Tex.App.—Austin 1990, no writ) (when pleaded facts confer subject matter jurisdiction, plea to jurisdiction must explicitly allege that plaintiff's petition was fraudulently composed in order to confer jurisdiction); *Flowers v. Lavaca County Appraisal Dist.,* 766 S.W.2d 825, 827 (Tex.App.—Corpus Christi 1989, writ denied) (good-faith allegations in petition are to be taken as true "unless the defendant pleads and proves that they were fraudulently made to confer jurisdiction"). Dismissing a cause of action for lack of subject matter jurisdiction is only proper when it is *impossible* for the plaintiff's petition to confer jurisdiction on the trial court. *See Liberty Mut. Ins. Co. v. Sharp,* 874 S.W.2d 736, 739 (Tex.App.—Austin 1994, writ denied).

 In reviewing the trial judge's order granting WHISD's plea to the jurisdiction, we must take the allegations contained in Sullivan's amended petition as true and construe them in Sullivan's favor. *See Texas Parks,* 972 S.W.2d at 143; *Firemen's Ins. Co.,* 909 S.W.2d at 541. In her petition, Sullivan stated that "all conditions precedent to the filing of this case have been performed or have occurred ... [and] she exhausted her administrative remedies prior to filing the present case." Taking Sullivan's allegations as true and

construing them in her favor, we conclude Sullivan's petition sufficiently addressed all of the jurisdictional prerequisites, thereby facially conferring subject matter jurisdiction on the trial court. Under these circumstances, WHISD had the burden of filing a plea to jurisdiction that explicitly alleged Sullivan's petition was fraudulently composed in order to confer jurisdiction.[1] Because WHISD did not allege the allegations in Sullivan's petition were false, the trial judge was limited to reviewing Sullivan's petition to determine whether the court had subject matter jurisdiction over the case. Because Sullivan's petition sufficiently alleged the jurisdictional requirements, we conclude the trial judge erred in granting WHISD's plea to the jurisdiction. We sustain Sullivan's issue.

We reverse the trial court's order and remand this case to the trial court for further proceedings consistent with this opinion.

---

1. Alternatively, WHISD could have filed special exceptions to Sullivan's petition on the ground that she failed to plead sufficient facts to confer subject matter jurisdiction on the trial court.