COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-243-CV
   
  
INTERSTATE 
APARTMENT ENTERPRISES, L.C.                         APPELLANT
  
V.
  
WICHITA 
APPRAISAL DISTRICT; WICHITA                                APPELLEES
COUNTY, 
TEXAS; CITY OF WICHITA FALLS,
TEXAS; 
AND WICHITA FALLS INDEPENDENT
SCHOOL 
DISTRICT
  
  
------------
 
FROM 
THE 30TH DISTRICT COURT OF WICHITA COUNTY
 
------------
 
PLURALITY OPINION
 
------------
I. Introduction
        Appellant 
Interstate Apartment Enterprises, L.C. appeals from the trial court’s order 
granting appellee Wichita Appraisal District’s (WAD) motion to dismiss for 
lack of jurisdiction.[1]  We affirm in part and 
reverse and remand in part.
II. Background Facts
        Appellant 
is a limited liability company that owns an apartment complex in Wichita 
Falls.  WAD is the appraisal district for Wichita County.  In January 
2003, appellant’s mortgage escrow agent notified appellant that there was a 
$13,200.67 shortage in appellant’s escrow account, which was to be used to pay 
ad valorem taxes on the apartment complex for the 2002 tax year.  The taxes 
were due on January 31, 2003.  Concluding that the shortage was the result 
of an unanticipated increase in the WAD’s valuation of the property,[2]  appellant’s employee Tammy Bommer called WAD and 
advised one of WAD’s representatives that appellant had not received notice of 
the increased valuation and that she thought the valuation was wrong.  In 
response, WAD sent appellant a letter explaining how to file a motion to correct 
the appraisal roll under section 25.25 of the Texas Property Tax Code.  WAD 
advised appellant that the tax code requires a property owner to pay taxes on 
the property subject to the appeal before the delinquency date or forfeit the 
right to appeal and attached a copy of section 25.25(d), which provides that an 
“error may not be corrected unless it resulted in an appraised value that 
exceeds by more than one-third the correct appraised value.”  See Tex. Tax Code Ann. § 25.25(d) (Vernon 
2001).  In addition, WAD sent appellant a form on which to file the section 
25.25 motion.
        Appellant 
paid the taxes and filed a section 25.25 motion before the January 31, 2003 
delinquency date.  Despite the fact that section 25.25 allows a correction 
only if the error resulted in an appraised value that exceeds the correct value 
by more than one-third, appellant stated in its motion that, in its opinion, the 
value of the property for the 2002 tax year was $6.7 million, an amount that did 
not satisfy the one-third requirement.  On April 21, 2003, WAD sent 
appellant a letter stating that while the valuation may have been incorrect, 
appellant was not entitled to a correction because “the value [was] not 
one-third over appraised.”  Appellant’s appeal to the Appraisal Review 
Board was also denied.
        Appellant 
filed suit seeking a declaratory judgment that (1) the valuation for the 2002 
tax year was void because WAD failed to give appellant notice of the valuation 
increase and provided appellant with misleading information regarding which 
remedy to pursue, (2) taxes for 2002 should have been assessed and levied based 
on the 2001 valuation, and (3) appellant is entitled to a refund of the taxes 
paid for the 2002 tax year to the extent that the 2002 payment exceeded the 
amount that would have been owed using the 2001 valuation.  WAD filed a 
motion to dismiss arguing that the trial court lacked jurisdiction to hear the 
suit because appellant failed to exhaust its administrative remedies regarding 
the lack of notice issue.  Specifically, WAD argued that appellant should 
have filed a protest of WAD’s failure to give notice under section 41.411 of 
the tax code.
        Appellant 
filed a motion for partial summary judgment arguing that because WAD provided 
appellant with inaccurate and false information, it was barred from asserting 
its jurisdictional defense. Appellees filed responses to appellant’s 
motion.  Based on an agreement between the parties, the trial court 
admitted all of the evidence attached to appellant’s motion for partial 
summary judgment and WAD’s response.  On May 3, 2004, the trial court 
entered an order granting WAD’s motion to dismiss for lack of jurisdiction.
III. Standard of Review
        Because 
the existence of subject matter jurisdiction is a matter of law, we review de 
novo the trial court’s dismissal for lack of jurisdiction.  See Mayhew 
v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998), cert. denied, 
526 U.S. 1144 (1999).  In doing so, we must examine appellant’s pleadings 
to determine whether appellant has “affirmatively shown that the trial court 
had subject matter jurisdiction.” Cont’l Cas. Ins. Co. v. Functional 
Restoration Assocs., 19 S.W.3d 393, 404 (Tex. 2000).
IV. Issues on Appeal
        In 
appellant’s first issue, it argues that an appraisal district has a duty 
either to provide accurate information or to not provide inaccurate or 
incomplete information regarding the method of contesting an increase in 
property valuation. Appellant also argues that a breach of this duty exempts the 
taxpayer who relies on the inaccurate or incomplete information to its detriment 
from the jurisdictional requirement that it exhaust administrative remedies 
before filing suit. In its second issue, appellant argues that the trial court 
abused its discretion by granting the motion to dismiss based on the testimony 
presented.
A. Motion to Correct Appraisal Roll
        Section 
25.25 allows a property owner to file a motion with the appraisal review board 
to correct an error in the appraisal roll that resulted in an incorrect value of 
the owner’s property. Tex. Tax Code 
Ann. § 25.25(d). However, section 25.25 allows a correction only if the 
error resulted in an appraised value that exceeds by more than one-third the 
correct appraised value. Id. Further, a section 25.25 motion must be 
filed before the date the taxes become delinquent. Id.
B. Notice
        According 
to section 25.19 of the tax code, the chief appraiser of an appraisal district 
must deliver a written notice to a property owner of the appraised value of the 
property owner’s property if the appraised value of the property is greater 
than it was the preceding year. Id. § 25.19(a)(1) (Vernon Supp. 
2004-05). Section 41.411 allows a property owner to protest the chief 
appraiser’s failure to deliver any notice to which the property owner is 
entitled. Id. § 41.411 (Vernon 2001).
C. Exhaustion of Administrative Remedies
        Section 
42.09 states that the procedures for the adjudication of the grounds of protest 
authorized by the tax code are exclusive, and a taxpayer may not raise these 
grounds as a basis for a suit to obtain a refund of taxes paid. Id. § 
42.09(a)(2) (Vernon 2001).  As a corollary, judicial review of an 
administrative order is not available unless all administrative remedies have 
been pursued to the fullest extent. Webb County Appraisal Dist. v. New Laredo 
Hotel, Inc., 792 S.W.2d 952, 954 (Tex. 1990); Denton Cent. Appraisal 
Dist. v. CIT Leasing Corp., 115 S.W.3d 261, 264 (Tex. App.—Fort Worth 
2003, pet. denied), cert. denied, 125 S. Ct. 106 (2004).  Further, 
to preserve a specific issue for review in the district court, the same issue 
must first be raised before the appraisal review board.  Quorum Int'l v. 
Tarrant Appraisal Dist., 114 .W.3d 568, 572 (Tex. App.—Fort Worth 2003, 
pet. denied).
D. Estoppel
        Generally, 
a trial court cannot acquire jurisdiction by estoppel. Wilmer -Hutchins ISD 
v. Sullivan, 51 S.W.3d 293, 294 (Tex. 2001).  In Wilmer-Hutchins, 
the trial court dismissed Sullivan’s suit for retaliatory discharge against 
the school district because of failure to exhaust administrative remedies.  
51 S.W.3d at 293.  The Texas Supreme Court held that even if the school 
district misled Sullivan regarding the availability of certain administrative 
remedies, such conduct does not confer jurisdiction on the trial court.  Id. 
at 295.
E. Analysis
        At 
the outset, we note that a section 25.25 motion and a protest under section 
41.411 address two different issues.  The section 25.25 motion is used when 
the taxpayer believes its property has been overvalued, while section 41.411 
allows a taxpayer to protest the appraisal district’s failure to provide 
notice of an increased valuation of the property. Tex. Tax Code Ann. §§ 25.25(d), 
41.411.
        Here, 
appellant filed a motion to correct an error in the appraisal records under 
section 25.25, arguing that its property had been overvalued for the 2002 tax 
year.  In its petition, appellant requested a declaratory judgment that the 
2002 valuation was void because WAD failed to provide appellant with notice of 
the increased valuation and provided appellant with misleading information 
regarding how to protest lack of notice.  Appellant also stated that it had 
objected to WAD’s valuation of the property.  We will construe 
appellant’s petition as raising both the lack of notice and the overvaluation 
issues.  See Tex. Assoc. of Bus. v. Tex. Air Control Bd., 852 S.W.2d 
440, 446 (Tex. 1993) (holding that an appellate court should construe pleadings 
in plaintiff’s favor when reviewing the trial court’s dismissal for lack of 
jurisdiction).
        Because 
appellant did not raise the lack of notice issue before the Appraisal Review 
Board by filing a protest of failure to give notice under section 41.411, the 
trial court did not have jurisdiction to hear appellant’s complaint regarding 
lack of notice.  See Quorum Int’l, 114 S.W.3d at 572; ABT 
Galveston Ltd. P’ship v. Galveston Cent. Appraisal Dist., 137 S.W.3d 146, 
154 (Tex. App.—Houston [1st Dist.] 2004, no pet.).  Moreover, even if WAD 
misled appellant by providing inaccurate or incomplete information regarding 
which administrative remedy appellant should pursue, such conduct did not confer 
jurisdiction on the trial court.  See Wilmer-Hutchins, 51 S.W.3d at 
294.  Accordingly, we need not decide the issue of whether WAD had a duty 
either to provide appellant with accurate information or to not provide 
appellant with inaccurate or incomplete information regarding the method of 
contesting an increase in property valuation.  We overrule appellant’s 
first issue.
        In 
its second issue, appellant contends generally that the trial court abused its 
discretion in granting the motion to dismiss and more specifically that the 
trial court abused its discretion to the extent its decision was based on the 
findings that WAD did not, in fact, mislead appellant or provide appellant with 
false or inaccurate information.[3]  To sustain 
appellant’s specific complaint, we must first have held that WAD had a duty to 
not mislead appellant regarding which remedy to pursue and that a breach of this 
duty exempts appellant from the jurisdictional requirement that it exhaust 
administrative remedies before filing suit.  On the contrary, we held that 
regardless of whether this duty exists, appellant is not exempt from the 
jurisdictional requirement that it exhaust administrative remedies before filing 
suit in district court and that the trial court did not have jurisdiction over 
the lack of notice issue.  Thus, we overrule appellant’s specific 
complaint regarding the trial court’s findings of fact.
        As 
to appellant’s general complaint regarding the motion to dismiss, we have 
already held that the trial court did not have jurisdiction over the lack of 
notice issue.  But the trial court did have jurisdiction over the 
overvaluation issue.  Because appellant filed a section 25.25 motion to 
correct the appraisal roll, the trial court could decide whether the Appraisal 
Review Board properly denied appellant’s section 25.25 motion.[4]  
Therefore, the trial court erred by granting WAD’s motion to dismiss as to the 
valuation question.  We sustain appellant’s second issue in part.
VI. Conclusion
        We 
affirm the part of the dismissal order pertaining to jurisdiction over the lack 
of notice issue and reverse the part of the dismissal order pertaining to 
jurisdiction over the overvaluation and remand that part for a determination of 
whether the Appraisal Review Board properly denied appellant’s section 25.25 
motion to correct the appraisal roll.
 
   
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
    
 
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.
 
CAYCE, 
C.J. and MCCOY, J. concur without opinion.
 
DELIVERED: 
April 21, 2005


NOTES
1.  
Appellees Wichita County, Texas, City of Wichita Falls, Texas and Wichita Falls 
Independent School District waived their right to file a brief in this case and 
adopted the brief filed by WAD.
2.  
WAD valued the property at $7.44 million for the 2002 tax year.  Nothing in 
the record indicates the property’s valuation for the 2001 tax year.
3.  
See Tex. R. App. P. 38.9 
(requiring appellate courts to construe briefing rules liberally).
4.  
While we recognize that the trial court could have granted summary judgment on 
this issue because WAD’s valuation of $7.44 million did not exceed 
appellant’s opinion of the value by more than one-third, WAD did not request 
summary judgment, and the trial court cannot dispose of an issue on the merits 
in a jurisdictional challenge.