EMPLOYEES RETIREMENT
SYSTEM OF TEXAS,
Appellant,

v.

Leonard RIZZO, Appellee.

No. 04–05–00257–CV.

Court of Appeals of Texas,
San Antonio.

Sept. 14, 2005.

Maureen Powers, Asst. Atty. Gen., Austin, for appellant.

Edward L. Pina, Edward L. Pina & Associates, San Antonio, for appellee.

Sitting: SARAH B. DUNCAN, Justice, PHYLIS J. SPEEDLIN, Justice, REBECCA SIMMONS, Justice.

## OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

The Employees Retirement System of Texas ("ERS") challenges the trial court's denial of its plea to the jurisdiction in this accelerated appeal. We conclude that the trial court lacked subject matter jurisdiction over the cause due to Leonard Rizzo's failure to exhaust available administrative remedies prior to filing suit to recover the state employee benefits earned by his wife. Accordingly, we reverse the trial court's denial of the plea to the jurisdiction, and *dismiss the suit for lack of subject matter jurisdiction.*

### BACKGROUND

Monika Rizzo was a state employee prior to her disappearance in 1997. She was judicially declared dead in 1999. Leonard Rizzo applied to receive his wife's state employee benefits in October 2002. In May 2003, ERS's general counsel notified Rizzo that ERS would "delay payment" of any benefits payable as the result of Monika Rizzo's death until the conclusion of all pending criminal investigations and legal proceedings relating to the cause of her death. ERS based its decision to delay payment on section 814.007 of the Texas Government Code which provides in relevant part, "the retirement system may delay payment of a benefit payable on the death of a member ... pending the results of a criminal investigation and of legal proceedings relating to the cause of death." TEX. GOV'T CODE ANN. § 814.007(d) (Vernon 2004). Through his attorney, Rizzo requested that ERS make a determination as to whether ERS would pay the benefits to Rizzo. ERS subsequently requested and received a written statement from a San Antonio Police Department detective confirming that Rizzo continues to be a suspect in the investigation of Monika Rizzo's death. ERS again advised Rizzo's attorney in March 2004 that it was required by statute to delay payment of any benefits claimed by Rizzo as a result of his wife's death. Rizzo then sued ERS to recover the benefits and for damages allegedly incurred by Rizzo as a result of ERS's delay in processing his claim. ERS filed a general denial, motion to transfer venue, plea to the jurisdiction, and plea in abatement. After conducting a hearing, the trial court denied ERS's plea to the jurisdiction and this accelerated appeal followed. *See* TEX. CIV. PRAC & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2004–05).

### ANALYSIS

A plea to the jurisdiction challenges the district court's authority to determine the subject matter of the cause of action. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). A trial court's ruling on a plea to the jurisdiction is reviewed *de novo. See State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez,* 82 S.W.3d 322, 327 (Tex.2002); *Herring v. Welborn,* 27 S.W.3d 132, 136 (Tex.

App.-San Antonio 2000, pet. denied). In a plea to the jurisdiction, the burden is on the non-movant to plead facts sufficient to show that the district court has subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). In its plea to the jurisdiction, ERS claimed that the trial court lacked jurisdiction because Rizzo failed to plead facts establishing that he had exhausted his administrative remedies to the claimed benefits, and because Rizzo's claims are barred by sovereign immunity.

■ It is well established that in a case such as this exhaustion of administrative remedies is a prerequisite to the trial court's jurisdiction over a claim. *See Wilmer–Hutchins Indep. Sch. Dist. v. Sullivan*, 51 S.W.3d 293, 294 (Tex.2001)(per curiam); *Tex. Educ. Agency v. Cypress–Fairbanks I.S.D.*, 830 S.W.2d 88, 90 (Tex. 1992); *Gutierrez v. Laredo Indep. Sch. Dist.*, 139 S.W.3d 363, 366 (Tex.App.-San Antonio 2004, no pet.)(citing exceptions to general requirement of exhaustion of administrative remedies). The Government Code provides, "[a] person aggrieved by a decision of the retirement system . . . denying or limiting . . . eligibility for or the amount of benefits payable under the program or system may appeal the decision to the board of trustees." TEX. GOV'T CODE ANN. § 815.511(a) (Vernon 2004). Following determination of the contested case by the board of trustees, if a person is still aggrieved by the final decision, judicial review by a Travis County district court is available under Chapter 2001 of the Government Code. TEX. GOV'T CODE ANN. § 815.511(f) (Vernon 2004); *see also* TEX. GOV'T CODE ANN. § 2001.171 (Vernon 2000)(one who has exhausted all administrative remedies within a State agency and is still aggrieved by a final decision is entitled to judicial review under this chapter).

In this case, Rizzo filed a claim with ERS to receive the benefits earned by his wife. In response, ERS issued a number of written statements acknowledging Rizzo's claim, but indicated that the claim would not be processed until all pending criminal investigations and legal proceedings regarding his wife's death were completed. Rizzo treats this refusal to decide the merits of his claim as an effective denial, but instead of pursuing an administrative appeal of this decision to the board of trustees as provided by statute, Rizzo filed suit in a Bexar County district court. *See* TEX. GOV'T CODE ANN. § 815.511 (Vernon 2004). Because Rizzo failed to even attempt to seek a remedy through the administrative appeals process prior to filing suit, we conclude that he has not exhausted the administrative avenues available to him as required, and, therefore, the trial court lacked jurisdiction. *See Wilmer–Hutchins Indep. Sch. Dist.*, 51 S.W.3d at 295; *see also Bexar County v. Gant*, 70 S.W.3d 289, 291–92 (Tex.App.-San Antonio 2002, pet. denied)(plaintiff's failure to exhaust administrative remedies is a jurisdictional defect that deprives both the trial court and appellate court of jurisdiction). Because subject matter jurisdiction is essential to the authority of a court to decide a case, a court without it can not render a valid judgment. *Blue*, 34 S.W.3d at 553–54; *Tex. Ass'n of Bus.*, 852 S.W.2d at 443.

### CONCLUSION

Because Rizzo failed to plead sufficient facts to establish the district court's subject matter jurisdiction, we reverse the trial court's denial of ERS's plea to the jurisdiction and dismiss Rizzo's claims for

lack of jurisdiction.[1]

---

1. Because we conclude that the trial court lacked jurisdiction due to Rizzo's failure to exhaust administrative remedies, we do not address the issue of sovereign immunity.