OPINION


No. 04-05-00257-CV

EMPLOYEES RETIREMENT SYSTEM OF TEXAS,
Appellant

v.

Leonard RIZZO,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2004-CI-08266
Honorable Andy Mireles, Judge Presiding
 
Opinion by:    Phylis J. Speedlin, Justice
 
Sitting:            Sarah B. Duncan, Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice

Delivered and Filed: September 14, 2005

REVERSED AND CAUSE DISMISSED
            The Employees Retirement System of Texas (“ERS”) challenges the trial court’s denial of
its plea to the jurisdiction in this accelerated appeal. We conclude that the trial court lacked subject
matter jurisdiction over the cause due to Leonard Rizzo’s failure to exhaust available administrative
remedies prior to filing suit to recover the state employee benefits earned by his wife. Accordingly,
we reverse the trial court’s denial of the plea to the jurisdiction, and dismiss the suit for lack of
subject matter jurisdiction.
Background
            Monika Rizzo was a state employee prior to her disappearance in 1997. She was judicially
declared dead in 1999. Leonard Rizzo applied to receive his wife’s state employee benefits in
October 2002. In May 2003, ERS’s general counsel notified Rizzo that ERS would “delay payment”
of any benefits payable as the result of Monika Rizzo’s death until the conclusion of all pending
criminal investigations and legal proceedings relating to the cause of her death. ERS based its
decision to delay payment on section 814.007 of the Texas Government Code which provides in
relevant part, “the retirement system may delay payment of a benefit payable on the death of a
member ... pending the results of a criminal investigation and of legal proceedings relating to the
cause of death.” Tex. Gov’t Code Ann. § 814.007 (d) (Vernon 2004). Through his attorney, Rizzo 
requested that ERS make a determination as to whether ERS would pay the benefits to Rizzo. ERS
subsequently requested and received a written statement from a San Antonio Police Department
detective confirming that Rizzo continues to be a suspect in the investigation of Monika Rizzo’s
death. ERS again advised Rizzo’s attorney in March 2004 that it was required by statute to delay
payment of any benefits claimed by Rizzo as a result of his wife’s death. Rizzo then sued ERS to
recover the benefits and for damages allegedly incurred by Rizzo as a result of ERS’s delay in
processing his claim. ERS filed a general denial, motion to transfer venue, plea to the jurisdiction,
and plea in abatement. After conducting a hearing, the trial court denied ERS’s plea to the
jurisdiction and this accelerated appeal followed. See Tex. Civ. Prac & Rem. Code Ann. § 51.014
(a)(8) (Vernon Supp. 2004-05).
Analysis 
            A plea to the jurisdiction challenges the district court’s authority to determine the subject
matter of the cause of action. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). A
trial court’s ruling on a plea to the jurisdiction is reviewed de novo. See State ex rel. State Dep’t of
Highways & Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002); Herring v. Welborn, 27
S.W.3d 132, 136 (Tex. App.—San Antonio 2000, pet. denied). In a plea to the jurisdiction, the
burden is on the non-movant to plead facts sufficient to show that the district court has subject matter
jurisdiction. Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). In its
plea to the jurisdiction, ERS claimed that the trial court lacked jurisdiction because Rizzo failed to
plead facts establishing that he had exhausted his administrative remedies to the claimed benefits,
and because Rizzo’s claims are barred by sovereign immunity. 
            It is well established that in a case such as this exhaustion of administrative remedies is a
prerequisite to the trial court’s jurisdiction over a claim. See Wilmer-Hutchins Indep. Sch. Dist. v.
Sullivan, 51 S.W.3d 293, 294 (Tex. 2001)(per curiam); Tex. Educ. Agency v. Cypress-Fairbanks
I.S.D., 830 S.W.2d 88, 90 (Tex. 1992); Gutierrez v. Laredo Indep. Sch. Dist., 139 S.W.3d 363, 366
(Tex. App. — San Antonio 2004, no pet.)(citing exceptions to general requirement of exhaustion
of administrative remedies). The Government Code provides, “[a] person aggrieved by a decision
of the retirement system ... denying or limiting ... eligibility for or the amount of benefits payable
under the program or system may appeal the decision to the board of trustees.” Tex. Gov’t Code
Ann. § 815.511 (a) (Vernon 2004). Following determination of the contested case by the board of
trustees, if a person is still aggrieved by the final decision, judicial review by a Travis County district
court is available under Chapter 2001 of the Government Code. Tex. Gov’t Code Ann. § 815.511
(f) (Vernon 2004); see also Tex. Gov’t Code Ann. § 2001.171 (Vernon 2000)(one who has
exhausted all administrative remedies within a State agency and is still aggrieved by a final decision
is entitled to judicial review under this chapter). 
            In this case, Rizzo filed a claim with ERS to receive the benefits earned by his wife. In
response, ERS issued a number of written statements acknowledging Rizzo’s claim, but indicated
that the claim would not be processed until all pending criminal investigations and legal proceedings
regarding his wife’s death were completed. Rizzo treats this refusal to decide the merits of his claim
as an effective denial, but instead of pursuing an administrative appeal of this decision to the board
of trustees as provided by statute, Rizzo filed suit in a Bexar County district court. See Tex. Gov’t
Code Ann. § 815.511 (Vernon 2004). Because Rizzo failed to even attempt to seek a remedy
through the administrative appeals process prior to filing suit, we conclude that he has not exhausted
the administrative avenues available to him as required, and, therefore, the trial court lacked
jurisdiction. See Wilmer-Hutchins Indep. Sch. Dist., 51 S.W.3d at 295; see also Bexar County v.
Gant, 70 S.W.3d 289, 291-92 (Tex. App.—San Antonio 2002, pet. denied)(plaintiff’s failure to
exhaust administrative remedies is a jurisdictional defect that deprives both the trial court and
appellate court of jurisdiction). Because subject matter jurisdiction is essential to the authority of
a court to decide a case, a court without it can not render a valid judgment. Blue, 34 S.W.3d at 553-54; Tex. Ass’n of Bus., 852 S.W.2d at 443.
 
 
 
 
 
Conclusion 
            Because Rizzo failed to plead sufficient facts to establish the district court’s subject matter
jurisdiction, we reverse the trial court’s denial of ERS’s plea to the jurisdiction and dismiss Rizzo’s
claims for lack of jurisdiction.



 
Phylis J. Speedlin, Justice