# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00365-CV

**Mark Groba, Appellant**

**v.**

**The City of Taylor, Texas, Appellee**

### FROM THE 26TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 15-0119-C26, THE HONORABLE DONNA GAYLE KING, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from the district court's order granting the City of Taylor's plea to the jurisdiction in the City's suit to enforce an administrative order declaring Mark Groba's property a nuisance. The City asserted in its plea that the district court lacked jurisdiction over Groba's counterclaim challenging the nuisance determination because Groba had failed to timely appeal from the nuisance determination. On appeal, Groba argues that the district court erred in granting the plea because the City is estopped from asserting its jurisdictional argument. We affirm the judgment.

## BACKGROUND

Groba owns real property in Taylor, Texas. In November 2011, the Municipal Court of Taylor, acting in an administrative capacity, conducted a hearing on the City's application to declare Groba's property a nuisance. *See* Tex. Loc. Gov't Code §§ 214.001–.012

(authorizing municipal regulation and abatement of urban nuisances). Groba attended the hearing. On May 31, 2012, the municipal court issued an order declaring Groba's property a nuisance: "The building located on [Groba's property] is "dilapidated, substandard, and unfit for human habitation and a hazard to the public health, safety, and welfare." *See id.* § 214.001(a)(1). The order directed Groba to correct the nuisance violations or demolish the building and, in the event Groba did not comply, authorized the City to demolish or repair the building and to place a lien on the property for expenses incurred in doing so. *See id.* § 214.001(d), (m). The evidence in the record establishes that Groba received a copy of the order on June 1, 2012.[1] He did not seek judicial review of the order at that time and, thus, did not comply with the jurisdictional prerequisites for judicial review of the nuisance determination. *See id.* § 214.0012(a) (requiring that judicial challenge to nuisance determination be filed within thirty days of receipt of decision or "such decision shall become final"); *City of Dallas v. Stewart*, 361 S.W.3d 562, 579–80 (Tex. 2012) (noting that party seeking to challenge municipality's nuisance determination on constitutional grounds must first exhaust administrative remedies and comply with jurisdictional prerequisites for suit); *Texas Comm'n on Envtl. Quality v. Kelsoe*, 286 S.W.3d 91, 98 (Tex. App.—Austin 2009, pet. denied) (holding that plaintiff's untimely challenge to administrative order did not invoke the trial court's subject-matter jurisdiction over any of the plaintiff's complaints about the order).

---

[1] Groba claimed in his pleadings to the district court that he did not receive (or does not remember receiving) a copy of the order, but he acknowledges that the City produced evidence of his receipt in the form of a certified-mail return receipt signed by him on June 1, 2012. He complains that the City did not provide him a copy of the return receipt until the day before the hearing on the plea to the jurisdiction, which he contends "should undermine its credibility," but he does not otherwise challenge the evidence.

In February 2013, the municipal court, again acting in its administrative capacity, issued an administrative order finding that Groba had failed to comply with the May 2012 order and granting the City permission to demolish the building on his property. The evidence in the record establishes that a copy of this order was hand delivered to Groba on February 22, 2013.

In 2014, the City filed a misdemeanor complaint against Groba in the Taylor Municipal Court for violations of its nuisance ordinance. *See* Tex. Code Crim. Proc. art. 4.14(a)–(c) (granting municipal court exclusive original jurisdiction over matters arising under municipal ordinances and involving offenses punishable by fine only). Groba answered and requested a jury trial, but the prosecutor dismissed the suit before it went to trial. The prosecutor's motion to dismiss stated that the case would be refiled in district court.

The City filed the underlying case in district court in February 2014. *See* Tex. Loc. Gov't Code §§ 54.012 (authorizing civil action to enforce municipal health and safety ordinances), .013 (requiring suit authorized under Section 54.012 to be filed in district or county court where municipality is located). In its suit, the City sought injunctive relief related to its nuisance determination, including authorizing the City to demolish the building and charge the costs for doing so to Groba. *See id.* § 54.016 (authorizing injunctive relief related to enforcement of health and safety ordinances). The City also sought civil penalties. *See id.* § 54.017 (authorizing civil penalties for violations of health and safety ordinances). Groba answered and requested a jury trial.

While the case was pending, the district court issued an order granting injunctive relief that allowed the City to demolish the building on Groba's property, which the City did in February 2018. The day after the demolition, Groba filed a counterclaim for declaratory judgment and trespass, arguing that he wa entitled to a jury trial on the nuisance determination—

3

i.e., whether the building on his property was "dilapidated, substandard, and unfit for human habitation and a hazard to the public health, safety, and welfare." *See id.* § 214.001(a)(1). The City filed a plea to the jurisdiction, arguing that governmental immunity barred Groba's trespass claim and that the trial court lacked jurisdiction over his challenge to the nuisance determination because Groba had failed to timely appeal the determination. Groba responded that he is entitled to de novo review of the City's nuisance determination, and even if he had failed to timely appeal the nuisance determination, the City is estopped from asserting a jurisdictional challenge to his request for a jury trial because the City "misled" him by filing "multiple proceedings" and by dismissing the municipal-court case after he had requested a jury trial. He did not respond to the City's jurisdictional challenge to his counterclaim for trespass. The district court granted the City's plea and dismissed Groba's claims with prejudice to refiling. On appeal from the judgment,[2] Groba acknowledges that he failed to timely appeal the nuisance determination, but he asks us to reverse the district court's judgment and remand the case for a jury trial because the City is estopped from asserting a jurisdictional challenge to his counterclaim.

## ANALYSIS

Texas Local Government Code Section 214.001 permits municipalities to enact ordinances addressing buildings that are "dilapidated, substandard, or unfit for human

---

[2] Groba asserts, and the City does not contend otherwise, that the district court's order granting the City's plea to the jurisdiction constitutes a final judgment for purposes of appellate jurisdiction. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192, 195 (Tex. 2001) (explaining that "the general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment"). But the order and record before us suggest that the City's claim for civil penalties may remain pending before the district court. *See id.* (holding that judgment is final if it "actually disposes of every pending claim and party" or "it clearly and unequivocally states that it finally disposes of all claims and all parties"). Regardless, we have jurisdiction over an appeal from an interlocutory order granting a governmental entity's plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) (authorizing appeal from interlocutory order granting governmental entity's plea to the jurisdiction).

4

habitation" and to require occupants to repair or demolish such buildings when they pose "a hazard to the public health, safety, and welfare." *Id.* § 214.001. A property owner aggrieved by a municipality's order under Section 214.001 may seek judicial review of that decision by filing a verified petition in district court within thirty days of receipt of the order. *Id.* § 214.0012. The filing of a petition conforming to Section 214.0012's requirements is a prerequisite to invoking the district court's subject-matter jurisdiction over the order. *See id.* (providing that "decision shall become final as to each of them upon the expiration of each such thirty calendar day period"); *Stewart*, 361 S.W.3d at 579–80 (noting that party seeking to challenge municipality's nuisance determination on constitutional grounds must first exhaust administrative remedies and comply with jurisdictional prerequisites for suit); *Kelsoe*, 286 S.W.3d at 98 (holding that plaintiff's untimely challenge to administrative order did not invoke the trial court's jurisdiction over any of the plaintiff's complaints about the order).

On appeal, Groba does not dispute that he failed to timely appeal the nuisance determination and he obliquely acknowledges that a timely appeal is a jurisdictional prerequisite to judicial review of a nuisance determination. Nevertheless, he argues that the City should be estopped from asserting a jurisdictional challenge to his counterclaim because the City "misled" him by filing "multiple proceedings" and by dismissing the municipal-court case after he had requested a trial by jury. But "a court cannot acquire subject-matter jurisdiction by estoppel." *Wilmer-Hutchins Indep. Sch. Dist. v. Sullivan*, 51 S.W.3d 293, 294 (Tex. 2001). "A party cannot by its own conduct confer jurisdiction on a court when none exists." *Id.* at 294–95. Thus, even if the City's actions—which, we note, took place after Groba failed to timely appeal—could somehow be construed as "misleading," his failure to timely appeal from the nuisance determination is fatal to his counterclaim. *See id.* at 295 ("Even if the District misled Sullivan as

5

she claims, her failure to exhaust her administrative remedies is fatal to her action."); *see also Mosley v. Texas Health & Hum. Servs. Comm'n*, 593 S.W.3d 250, 264 n.4 (Tex. 2019) (noting and explaining its decision in *Sullivan*).[3]

Groba asserts that the supreme court's decisions in *City of White Settlement v. Super Wash, Inc.*, 198 S.W.3d 770 (Tex. 2006), *Roberts v. Haltom City*, 543 S.W.2d 75 (Tex. 1976), and *City of Hutchins v. Prasifka*, 450 S.W.2d 829 (Tex. 1970), support his argument that the City is estopped from arguing that the trial court lacked jurisdiction over the nuisance determination. They do not. These cases address the issue of whether and under what exceptional circumstances a city could be estopped from *enforcing municipal ordinances*; not whether a city's actions could confer jurisdiction on the trial court. *See Super Wash*, 198 S.W.3d at 775–76 (holding that mistaken approval of building permit did not estop city's enforcement of zoning ordinance); *Haltom*, 543 S.W.2d at 77–81 (holding that misleading statements and action estopped city from enforcing ordinance requiring pre-suit notice of suit); *Prasifka*, 450 S.W.2d at 883–84 (holding that unauthorized alteration of zoning map did not estop the city from enforcing

---

[3] In *Mosley v. Texas Health & Human Servs. Comm'n*, the supreme court confirmed that an appellant seeking judicial review of an administrative order must first exhaust her administrative remedies and comply with jurisdictional prerequisites to suit to invoke the trial court's subject-matter jurisdiction over a suit for judicial review. *See* 593 S.W.3d 250, 258–61 (Tex. 2019) (holding that failure to exhaust administrative remedies deprived court of jurisdiction over challenge to administrative decision). The court also held, however, that the failure to exhaust did not deprive the court of jurisdiction over the appellant's due-process claim because that challenge was not a direct attack on the administrative decision. *See id.* 263–64 (allowing due-process challenge and concluding that agency's representations to her regarding exhaustion of administrative remedies—i.e., that she was not required to file a motion for rehearing before filing a suit for judicial review—were so misleading that they effectively deprived her of her right to judicial review and violated her due process). Groba has not raised a due-process claim and he is directly challenging the nuisance determination. Further, he could not have been deprived of due process in connection with his failure to timely appeal the nuisance determination given that the allegedly misleading actions he complains about took place well after that failure.

zoning ordinance). As such, these cases do not contradict the supreme court's holding in *Sullivan* that a court cannot acquire subject-matter jurisdiction by estoppel. *See Sullivan*, 51 S.W.3d at 294–95; *see also Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000) ("[S]ubject-matter jurisdiction is a power that 'exists by operation of law only, and cannot be conferred upon any court by consent or waiver'. . . ." (quoting *Federal Underwriters Exch. v. Pugh*, 174 S.W.2d 598, 600 (Tex. 1943))).

Finally, Groba argues that under the supreme court's holding in *Stewart*, he is entitled, without limitation, to a de novo review of the nuisance determination. He is not. The *Stewart* court held that a nuisance determination, which the plaintiff had timely appealed, did not preclude the property owner's constitutional taking claim, and thus, the trial court correctly considered the issue de novo. *See* 361 S.W.3d at 580–81. However, that right to de novo review is not unlimited: "[I]mportantly, de novo review is required only when a nuisance determination is appealed." *Id.* at 580. Thus, following supreme court precedent, we conclude that Groba is not entitled to de novo review of the nuisance determination because he did not timely appeal the City's nuisance determination.

## CONCLUSION

Because the district court lacked jurisdiction over Groba's counterclaim, it did not err by granting the City's plea to the jurisdiction and dismissing Groba's claims. Accordingly, we affirm the district court's order.

_____

Darlene Byrne, Chief Justice

7

Before Chief Justice Byrne, Justices Baker and Triana

Affirmed

Filed:   February 3, 2021