Opinion filed December 30, 2022



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00171-CV

_____

## JARNAIL SIHOTA AND GTHCC, INC., Appellants

## V.

## CITY OF MIDLAND, Appellee

**On Appeal from the 385th District Court**
**Midland County, Texas**
**Trial Court Cause No. CV57400**

## M E M O R A N D U M   O P I N I O N

Appellants, Jarnail Sihota and GTHCC, Inc., appeal the trial court's grant of the plea to the jurisdiction filed by Appellee, the City of Midland (the City). Appellants filed suit in district court seeking (1) a temporary injunction prohibiting the City from demolishing Appellants' building and (2) a declaratory judgment that the City's abatement order was improperly applied to Appellants' property in this instance. In response, the City filed a plea to the jurisdiction on the grounds that

(1) Appellants failed to timely appeal the abatement order as required by Section 214.0012 of the Texas Local Government Code and (2) Appellants' claims are barred by governmental immunity. On appeal, Appellants assert that the trial court erred when it granted the plea because the trial court should have invoked its equitable jurisdiction and estopped the City from demolishing Appellants' building pursuant to the abatement order. We affirm.

## I. *Factual Background*

Appellants own real property within the city limits of Midland, Texas. On September 22, 2020, the Midland City Council held a public hearing regarding the City's application to declare a structure on Appellants' property a nuisance. Appellants' agent appeared on their behalf at the hearing. Following the public hearing, the City Council issued an order that (1) found the structure on Appellants' property to be a substandard building and (2) required abatement action pursuant to Section 4-8-7 of the City's Municipal Code. Copies of the order were sent to Appellants.

The September 2020 order directed Appellants to either make certain repairs to the building or demolish it within thirty days. In the event that Appellants did not comply with the order's directives, the order authorized the City to demolish the building. On October 13, 2020, the City issued a building permit that allowed for work on Appellants' building to commence within 180 days of its issuance.

Upon the issuance of the building permit, Appellants began making the repairs to the building. However, after several months, Appellants had neither completed all of the required repairs nor demolished the structure. On February 16, 2021, the City notified Appellants of its intent to demolish the structure pursuant to the abatement order. On February 22, 2021, Appellants filed their original petition seeking a declaratory judgment and request for emergency relief pursuant to the Texas Uniform Declaratory Judgments Act (UDJA) and Article 1, Section 17 of the

2

Texas Constitution. In their petition, Appellants claimed that they had invested approximately $1.8 million on this project.

The City filed its plea to the jurisdiction asserting that (1) Appellants failed to comply with the jurisdictional requirements of Chapter 214 of the Texas Local Government Code and (2) the City is immune from suit under the doctrine of governmental immunity, which deprived the trial court of subject-matter jurisdiction over Appellants' claims. In response, Appellants asserted that the trial court should exercise equitable jurisdiction to estop the City from demolishing the building because Appellants, in reliance on the City's representations and conduct, believed that they had more than thirty days to complete the repairs because (1) the City issued a building permit authorizing construction to begin within 180 days of its issuance and (2) the City had allowed Appellants to continue construction on the building for nine months after the abatement order was issued. Appellants also asserted that the City waived its governmental immunity under the UDJA. After a hearing, the trial court granted the City's plea and dismissed Appellants' claims with prejudice. This appeal followed.

## II. *Standard of Review*

Before a court may decide a case, it is essential that the court possess subject-matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). A plea to the jurisdiction is a dilatory plea and a proper method by which to challenge a trial court's subject-matter jurisdiction. *Id.* at 554. Whether a trial court has subject-matter jurisdiction over a case is a question of law that we review de novo. *Harris Cnty. v. Annab*, 547 S.W.3d 609, 612 (Tex. 2018) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)); *Ector Cnty. v. Breedlove*, 168 S.W.3d 864, 865 (Tex. App.—Eastland 2004, no pet.).

The purpose of a plea to the jurisdiction is to defeat a pleaded cause of action without reaching the merits. *Blue*, 34 S.W.3d at 554. A plea to the jurisdiction may

challenge the pleadings, the existence of jurisdictional facts, or both. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018); *City of Merkel v. Copeland*, 561 S.W.3d 720, 723 (Tex. App.—Eastland 2018, pet. denied). When the plea challenges the existence of jurisdictional facts, as in the case before us, we must move beyond the pleadings and consider evidence when necessary to resolve the jurisdictional issues, even if the evidence implicates both subject-matter jurisdiction and the merits of a claim. *Clark*, 544 S.W.3d at 770–71 (citing *Blue*, 34 S.W.3d at 555). In such cases, the standard of review mirrors that of a traditional summary judgment. *Id.* at 771 (citing *Miranda*, 133 S.W.3d at 225–26).

Thus, if the plaintiff's factual allegations are challenged with supporting evidence necessary to the consideration of the plea to the jurisdiction, the plaintiff must raise at least a genuine issue of material fact to overcome the challenge to the trial court's subject-matter jurisdiction and avoid dismissal. *Id.* (citing *Miranda*, 133 S.W.3d at 221). When we determine whether a material fact issue exists, "we must take as true all evidence favorable to the plaintiff, indulging every reasonable inference and resolving any doubts in the plaintiff's favor." *Id.* We cannot, however, disregard evidence that is necessary to show context; nor can we disregard evidence and inferences unfavorable to the plaintiff if reasonable jurors could not. *Id.* (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 811–12, 822–23, 827 (Tex. 2005)).

III. *Analysis*

Texas law authorizes municipalities to enact ordinances requiring the repair or demolition of buildings that are dilapidated, substandard, or unfit for human habitation when they pose a hazard to public health, safety, and welfare. TEX. LOC. GOV'T CODE ANN. § 214.001(a)(1) (West Supp. 2022). A property owner aggrieved by a municipality's order issued under Section 214.001 may appeal the order by filing a verified petition in district court within thirty days of the property owner's

4

receipt of the order. *Id.* § 214.0012(a). The filing of a petition that conforms to Section 214.0012's requirements is a prerequisite to invoking the trial court's subject-matter jurisdiction. *See id.* (a municipality's order becomes final upon the expiration of the thirty-calendar-day period); *City of Dallas v. Stewart*, 361 S.W.3d 562, 579 (Tex. 2012) (noting that a party seeking to challenge a municipality's nuisance determination on constitutional grounds "must first exhaust its administrative remedies and comply with jurisdictional prerequisites for suit"); *Fox v. Wardy*, 318 S.W.3d 449, 453 (Tex. App.—El Paso 2010, pet. denied) (the filing of a petition under Section 214.0012 is a prerequisite to invoking the trial court's subject-matter jurisdiction over the proceeding).

Here, Appellants failed to timely appeal the City's order within the thirty-day period required by Section 214.0012. Appellants also failed to show that they remedied all of the deficiencies listed in the City's order. As a result, the City's order requiring abatement became final upon the expiration of the statutory thirty-day period. *See* LOC. GOV'T § 214.0012(a). Nevertheless, Appellants assert that the trial court has equitable jurisdiction to estop the City from demolishing Appellants' building to prevent (1) manifest injustice and (2) an unconstitutional taking.

First, Appellants assert that the existence of manifest injustice alone is sufficient to confer equitable jurisdiction on the trial court and require the application of estoppel. To support this assertion, Appellants rely on Texas Supreme Court decisions discussing the "justice requires" estoppel doctrine. *See City of White Settlement v. Super Wash, Inc.*, 198 S.W.3d 770, 775 (Tex. 2006) ("a municipality may be estopped in those cases where justice requires its application, and there is no interference with the exercise of its governmental functions"); *see also Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 164 (Tex. 2013); *City of San Antonio v. Schautteet*, 706 S.W.2d 103, 105 (Tex. 1986); *Roberts v. Haltom City*, 543 S.W.2d 75, 80 (Tex. 1976); *City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d

5

817, 824 (Tex. App.—Austin 2014, no pet.); *Clear Lake City Water Auth. v. Winograd*, 695 S.W.2d 632, 635 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). Although the cases cited by Appellants clarify the exceptional circumstances under which a municipality could be estopped from enforcing municipal ordinances, they do not stand for the proposition that a municipality's alleged misleading actions could invoke the trial court's subject-matter jurisdiction.

Contrary to Appellants' assertion, the Texas Supreme Court held in *Wilmer-Hutchins Independent School District v. Sullivan* that "[a] party cannot by his own conduct confer jurisdiction on a court when none exists otherwise." 51 S.W.3d 293, 294–295 (Tex. 2001). As such, "a [trial] court cannot acquire subject-matter jurisdiction by estoppel." *Id.* at 294; *see also Janik v. Lamar Consol. Indep. Sch. Dist.*, 961 S.W.2d 322, 324 (Tex. App.—Houston [1st Dist.] 1997, pet. denied); *Washington v. Tyler Indep. Sch. Dist.*, 932 S.W.2d 686, 690 (Tex. App.—Tyler 1996, no writ) (while fact issues regarding estoppel may have existed, "estoppel cannot confer jurisdiction on the trial court"); *Daniel v. Dallas Indep. Sch. Dist.*, 351 S.W.2d 356, 359 (Tex. App.—El Paso 1961, writ ref'd n.r.e.) ("jurisdiction of a [trial] court is so important and essential that it has long been held that it cannot be conferred by estoppel"). Here, even if the City's actions could be construed as misleading, Appellants' underlying claims must, as a preliminary matter, invoke subject-matter jurisdiction before a trial court could reach and decide the merits of their estoppel argument.

Second, Appellants assert that if the City demolished Appellants' building it would constitute an unconstitutional taking because of the City's alleged misleading actions. Thus, Appellants' claim that the trial court has equitable jurisdiction to estop the City and prevent an unconstitutional taking despite Appellants' failure to timely appeal the City's nuisance determination. The Texas Supreme Court in *City of Dallas v. Stewart*, 361 S.W.3d 562 (Tex. 2012), and *Patel v. City of Everman*, 361

S.W.3d 600 (Tex. 2012), addressed whether a property owner who failed to appeal a nuisance determination pursuant to Section 214.0012 could nonetheless bring a collateral challenge alleging an unconstitutional taking. The court held that "a litigant must avail itself of statutory remedies that may moot its takings claim, rather than directly institute a separate proceeding asserting such a claim." *Stewart*, 361 S.W.3d at 579; *accord Patel*, 361 S.W.3d at 601. The court also noted that "[a]lthough agencies have no power to preempt a court's constitutional construction, a party asserting a taking must first exhaust its administrative remedies and comply with jurisdictional prerequisites for suit." *Stewart*, 361 S.W.3d at 579 (footnote omitted); *Patel*, 361 S.W.3d at 601.

In this case, Appellants failed to timely appeal the City's administrative nuisance determination. Instead, Appellants asserted a collateral challenge to the nuisance determination by seeking to enjoin the City from, as Appellants allege, unconstitutionally taking their property through demolition. Appellants cannot attack collaterally what they declined to challenge directly. *See Stewart*, 361 S.W.3d at 580; *Patel*, 361 S.W.3d at 602. Thus, Appellants' failure to timely appeal the abatement order is fatal to the claims that they have raised and precludes the trial court from acquiring subject-matter jurisdiction. *See Stewart*, 361 S.W.3d at 580 (internal citation omitted) ("a failure to comply with the appeal deadlines . . . precludes a party from raising the issue in a separate proceeding"); *see also Sullivan*, 51 S.W.3d at 295 ("Even if the District misled Sullivan as she claims, her failure to exhaust her administrative remedies is fatal to her action.").

Because the trial court lacked subject-matter jurisdiction over Appellants' claims, it did not err when it granted the City's plea to the jurisdiction and dismissed Appellants' claims. Accordingly, we overrule Appellants' sole issue on appeal.

## IV. *This Court's Ruling*

We affirm the order of the trial court.


W. STACY TROTTER

JUSTICE


December 30, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.