Walter DANIEL et al., Appellants,

v.

DALLAS INDEPENDENT SCHOOL DISTRICT et al., Appellees.

No. 5459.

Court of Civil Appeals of Texas.

El Paso.

Oct. 11, 1961.

Rehearing Denied Nov. 8, 1961.

Mullinax, Wells, Morris & Mauzy, Dallas, for appellants.

Malone, Lipscomb, Seay & Gwinn, George E. Seay, Dallas, for appellees.

FRASER, Justice.

This is a suit for damages and injunction, brought by plaintiff Daniel, described as a custodial employee of the School District of Dallas. The Union, of which he is a mem-

ber, joins in the lawsuit. Plaintiffs, in their petition, allege that plaintiff Daniel was wrongfully discharged as school janitor because of his membership in plaintiff Union, because of Daniel's "presentation of grievances" and lastly, because of Daniel's testimony in earlier litigation. The relief sought was a permanent injunction requiring reinstatement of plaintiff Daniel, restoration of pay and privileges, etc. A temporary injunction was granted, but was later vacated by the Dallas Court of Civil Appeals, 323 S.W.2d 639. When the case was again tried in another Dallas district court, the appellee-defendants interposed a challenge to the jurisdiction of the court and maintenance of suit, by way of pleas to the jurisdiction and plea in abatement. Their position was that plaintiffs did not go through the proper channels which, in this case, were State school authorities, so as to entitle them to bring this action in the State courts. Appellants urged that appellees were estopped to urge their pleas to the jurisdiction and abatement. The trial court held that the pleas should in all things be sustained, and the cause dismissed for want of jurisdiction, and specifically stated that the court found that there had been a failure of plaintiffs to exhaust administrative remedies in this matter; that such was mandatory and a condition precedent to conferring jurisdiction in the district court.

First of all, it must be noted and kept in mind that the record here reveals that the parties were in controversy as to whether Daniel had been discharged because of the three matters alleged in plaintiffs' petition, or because his work and conduct was unsatisfactory. This, of course, creates a fact issue, and we cannot here pass on whether or not he was rightfully discharged because it has not been adjudicated by the lower court. We have no decision or finding relative to his discharge that we can review.

The record shows that plaintiff Daniel and his attorney appealed to W. T. White, Dallas School Superintendent, and then to the Dallas School Board. Plaintiffs do not contend that they presented any appeal to any State agencies; in fact, they admitted that no such appeal had been taken.

Sections 101, 107 and 201 of the "Procedures on Hearings and Appeals", adopted by the State Board of Education of Texas, provide, among other things, that in grievances or controversies involving administrative actions or problems of local school districts, aggrieved parties should be afforded a full hearing provided request in writing has been timely filed. Also set forth are the rules governing the manner and conduct of the hearings and providing that after such hearing by the local trustees, any party to such hearing may appeal from the decisions as follows: (a) from a district board of trustees to the Commissioner of Education; (b) from the Commissioner of Education to the State Board of Education; (c) from the State Board of Education to a court of competent jurisdiction. Also, it appears that appeals may be taken from the State Board of Education as provided by Article 2922–18, Vernon's Ann.Civ.St. Then Articles 2656, 2654–5 to 2654–7, and 2654–1, V. A.C.S., also describe the manner in which these appeals shall be taken. Article 2656 charges the State Superintendent with the administration of the school laws and a general superintendency of the business relating to the public schools of the State, and further, that he shall hear and determine all appeals from the rulings and decisions of subordinate school officers, and also this article provides that "appeal shall always be from his rulings to the State Board. * * *" Articles 2654 and 2654–5 set up the position of State Commissioner of Education, vesting in him the powers heretofore vested in the State Superintendent of Public Instruction. Article 2654–1 deals with the Central Education Agency, which exercises general control of the system of public education at the State level. Article 2654–7, section 1, provides as follows: "Parties having any manner of dispute among them arising under provisions of the school laws of Texas, or any person or parties aggrieved

by the actions or decisions of any Board of Trustees or Board of Education, may appeal in writing to the Commissioner of Education who, after due notice to the parties interested, shall examine in a hearing and render a judgment without cost to the parties involved. However, nothing contained in this Section shall deprive any party of a legal remedy." Article 2780, entitled "Power of trustees", grants them the exclusive power "to manage and govern said schools."

The record shows considerable dispute as to why plaintiff Daniel was discharged. Briefly, the Dallas school superintendent said he was discharged for inefficiency and personality conflict, which statements, of course, are denied by Daniel, who alleged it was because of the three matters plead in his petition.

We believe that the trial court was correct in sustaining the pleas. There are several cases that have passed on this point. Hinojosa v. San Isidro Independent School Dist., Tex.Civ.App., 273 S.W.2d 656, 658 (San Antonio Civ.App., no writ). In the above case, it is specifically stated as follows:

"The question of whether or not appellant was rightfully dismissed from his position with the school district obviously involves a question of fact. It was therefore necessary that appellant appeal to the proper school authorities before filing a suit in the district court."

The Beaumont Court of Civil Appeals passed on this question in the case of Murray v. San Augustine County Board of School Trustees (no writ), Tex.Civ.App., 307 S.W. 2d 622. The court said therein that, because the appellant had stipulated that he had not complied with the statutes and rules, the plea in abatement must be sustained since by his admission he had established that the district court was without jurisdiction to hear his complaint. Also, in Bear v. Donna Independent School District, Tex. Civ.App., 85 S.W.2d 797, as in some others, the court pointed out that the Legislature intended to create an educational system of public free schools sufficient unto itself, and free as far as practical from any interference from the judiciary. Therefore, it follows that the school regulations must be followed and the remedies therein exhausted before the State judiciary is vested with any jurisdiction. The Texas Supreme Court stated, in Mission Independent School District v. Diserens, 144 Tex. 107, 188 S.W.2d 568, 570, 161 A.L.R. 877 (quoting from State ex rel. Nevills v. Sanderson, Tex.Civ.App., 88 S.W.2d 1069), "It is a well-established rule that in all matters pertaining to the administration of school laws involving questions of fact as distinguished from pure questions of law resort must first be had to the school authorities and the method of appeal there provided for exhausted before the courts will entertain jurisdiction of a complaint with reference to such matters."

■ Appellants also urge that this matter should be controlled by the general laws, rather than the school laws, but we do not believe there is merit in this point, as Article 2780, V.A.C.S., seems to dispose of this matter.

Appellants also argue that Daniel's discharge was in violation of Texas laws forbidding discharge because of membership in union, etc. But, as we pointed out hereinabove, this is an assertion by the plaintiffs, rather than a fact established in the trial. Being a fact issue presently undecided or unresolved we, of course, cannot pass on it, and cannot take for granted or make any finding as to why plaintiff Daniel was discharged.

■ Appellants also argue that because the defendants—to-wit, Dallas Superintendent White and the School Board, told him there was nothing more for him to do, and that as far as they were concerned the matter was concluded, that they were therefore estopped to urge their plea to the jurisdiction. The record shows that Dr. White refused or declined to reinstate Daniel, and that the School Board, after a short hearing and consideration, advised Mr. Daniel and his attorney that these matters were handled

and had been handled by Dr. White, and that they would not interfere with his disposition of the matter, and that the matter was at an end. With reference to this point, we must say that jurisdiction of a court is so important and essential that it has long been held that it cannot be conferred by estoppel. It is a statutory creation or enactment, and cannot be waived or conferred by consent or estoppel, and a court without jurisdiction cannot render a valid judgment. Nevitt v. Wilson, 116 Tex. 29, 285 S.W. 1079 (S.Ct.), 48 A.L.R. 355; 14 Am.Jur. 380, sec. 184. The prior trial, in another Dallas district court, did not pass upon the question of fact discussed above, nor do we believe that its action—which consisted of a hearing on the application for injunction—accomplished anything by its wording or decision that might deprive the district court in this case, by judicial estoppel, of its jurisdiction to take the action that it did; to-wit, passing on the plea; nor were the defendants, by such trial, in any way estopped from challenging the jurisdiction of the court in this cause to dispose of the case.

In summing up, we believe that the law is well stated in Bear v. Donna Independent School District, 74 S.W.2d 179 at 180, where the San Antonio Court of Civil Appeals said:

> "It is unquestionably the general rule that in matters involving the administration of public school matters persons considering themselves aggrieved thereby are required to appeal to the higher school authorities before resorting to the courts."

The court then cites statutory authorities.

For the above reasons, we therefore believe that the holding of the district court was correct. It has not been judicially decided why Daniel was dismissed, and so this matter of fact remains undetermined. It is unquestioned that plaintiffs did not appeal to the State Commissioner or to the State Board of Education. We cannot say that he was discharged in violation of any general laws because, as we have just stated, it has

not been established why he was discharged. Therefore, the conclusion seems to us inescapable that because plaintiffs did not follow the statutory provisions and the rules of the State Board of Education, the district court was without jurisdiction to hear the matter.

Appellants' points are therefore overruled, and the decision of the trial court affirmed.

CLAYTON, J., not sitting.