# VAN INDEPENDENT SCHOOL DISTRICT, Appellant,

v.

## Scott A. McCARTY, Appellee.

### No. 12–03–00007–CV.

Court of Appeals of Texas, Tyler.

Sept. 24, 2003.

Rehearing Overruled Oct. 24, 2003.

---

**19.** § 22.01(b)(1)(bracketed material inserted).

**20.** *Ex parte Spann,* 132 S.W.3d 390 (Tex. Crim.App.2004).

Eric W. Schulze, Walsh, Anderson, Brown, Schulze & Aldridge, P.C., Austin, Stephen E. Dubner, Walsh, Anderson, Brown, Schulze & Aldridge, P.C., Irving, for appellant.

Bill Rosenstein, Tyler, for appellee.

Panel consisted of JAMES T. WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

Van Independent School District ("VISD") brings this interlocutory appeal from the trial court's order denying its plea to the jurisdiction in a suit brought by Scott A. McCarty ("McCarty") for damages following the termination of his employment. We affirm.

### BACKGROUND

On July 26, 2001, McCarty was injured on his maintenance job at VISD. On August 2, 2001, VISD, through its superintendent, Mark Pool ("Pool"), notified McCarty by letter that his employment with VISD was terminated. In this letter, Pool informed McCarty that if he wished to contest his termination, he could do so by filing a notice with the VISD Board of Trustees (hereinafter "school board") as outlined in the administrative policies and procedures of VISD. Board policy required that McCarty file a notice of appeal to the board within seven days of his August 2 termination. McCarty did not file an appeal with the school board until August 23, 2001. No action was taken by the school board on the August 23 request.

On November 5, 2001, McCarty filed a written request to appear before the school board to present evidence and testimony regarding the facts of his August 2 termination. One week later, on November 12, the school board formally considered McCarty's request. The minutes of

this meeting reported that, following a closed session that lasted two hours, the school board "denied Scott McCarty's grievance and upheld the administrative decision on the basis of Mr. McCarty's untimely request for a hearing and also based upon the evidence presented in the hearing."

McCarty filed his wrongful termination suit against VISD on July 22, 2002. VISD responded to the suit with a plea to the jurisdiction.[1] VISD asked the court to dismiss McCarty's suit for lack of jurisdiction because he had not exhausted his administrative remedies before filing suit. McCarty responded to VISD's plea to the jurisdiction by contending that he was not required to exhaust his administrative remedies prior to bringing suit and alternatively, if he was, he did so by having the school board consider his termination at its November 12, 2001 school board meeting. The trial court entered an order denying VISD's plea to the jurisdiction. VISD timely filed this interlocutory appeal of the order denying its plea to the jurisdiction. See TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2003).

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

In its three issues, VISD contends that, by failing to timely file his grievance with the school board and the State Commissioner of Education, McCarty failed to exhaust his administrative remedies prior to filing suit. Further, it argues, because exhaustion of administrative remedies is a jurisdictional prerequisite to seeking judicial review, the trial court erred in denying its plea to the jurisdiction.

### STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea, the purpose of which is to

1. VISD also filed special exceptions and an original answer but those are not germane to this appeal and will not be discussed.

defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). A plea to the jurisdiction contests the trial court's authority to determine the subject matter of the cause of action. *Cornyn v. County of Hill,* 10 S.W.3d 424, 427 (Tex.App.-Waco 2000, no pet.). Subject matter jurisdiction is a legal question, and the plea to the jurisdiction is reviewed under a de novo standard of review. *Id.* Dismissing a cause of action for lack of subject matter jurisdiction is only proper when it is impossible for the plaintiff's petition to confer jurisdiction on the trial court. *Harris County v. Cypress Forest Pub. Util. Dist.,* 50 S.W.3d 551, 553 (Tex.App.-Houston [14th Dist.] 2001, no pet.). For purposes of a plea to the jurisdiction, we take the undisputed factual allegations in the parties' pleadings to be true. *See Alamo Cmty. Coll. Dist. v. Obayashi Corp.,* 980 S.W.2d 745, 746 (Tex. App.-San Antonio 1998, pet. denied).

### APPLICABLE LAW

As a general rule, a party to an administrative proceeding is not entitled to judicial review until the party has pursued correction through the prescribed administrative process. *Texas Educ. Agency v. Cypress–Fairbanks Indep. Sch. Dist.,* 830 S.W.2d 88, 90 (Tex.1992). Texas law requires that an aggrieved party must first exhaust all remedies provided under the statutory administrative scheme if the subject matter: (1) concerns the administration of school laws, and (2) involves questions of fact. *Jones v. Dallas Indep. Sch. Dist.,* 872 S.W.2d 294, 296 (Tex.App.-Dallas 1994, writ denied). Exhaustion of administrative remedies is a prerequisite to the trial court's jurisdiction in a case involving disputed fact issues. *Wilmer–Hutchins Indep. Sch. Dist. v. Sullivan,* 51 S.W.3d 293, 294 (Tex.2001); *see also Hicks v. Lamar Consol. Indep. Sch. Dist.,* 943 S.W.2d 540, 543 (Tex.App.-Eastland 1997, no writ) (State courts are entitled to require that an employee contesting his discharge exhaust all administrative remedies before the courts will become involved.).

### ANALYSIS

VISD insists that this case is identical to and governed by the case of *Wilmer–Hutchins Indep. Sch. Dist. v. Sullivan.* There, Joyce Sullivan, a custodian for the district, received workers' compensation benefits for a work-related injury. Ten months later, when released for work, she was told she had been terminated due to budget reasons. Sullivan contacted the district's attorney who told her she could not help her. The attorney did not inform Sullivan of the district's grievance procedures. Sullivan then sued the district without pursuing any administrative remedies. There was no question that Sullivan did not exhaust her administrative remedies. *Sullivan,* 51 S.W.3d at 294. The issue in that case, which the supreme court answered in the negative, was whether the school district should be estopped from asserting a lack of jurisdiction due to its attorney's conduct. *Id.* at 294–95.

VISD argues that since Sullivan was held responsible for exhausting administrative remedies even though she had only constructive notice, surely McCarty should be held responsible for exhausting administrative remedies of which he had actual notice. We find *Sullivan* inapposite. The facts of this case are not the same as the facts in *Sullivan.* Moreover, as acknowledged by VISD, the issue decided in *Sullivan* is entirely inapplicable to the case before us. The question of what administrative remedies Sullivan should have completed was not addressed. As we shall explain below, McCarty is being held responsible for exhausting applicable administrative remedies.

### Local Administrative Remedies

VISD contends that because McCarty failed to begin the grievance process with the school board within seven days of his termination, he failed to exhaust the local administrative remedies provided for under VISD policy. Therefore, the trial court did not have jurisdiction to consider the merits of his suit. McCarty responds to this argument by stating that the school board waived the seven day timeliness requirement for his grievance request by considering his grievance at its meeting on November 12, 2001.

VISD denies that it waived the time requirements, pointing out that it expressly denied McCarty's grievance appeal on the basis of his untimely request for a hearing. The district further argues that it "did not waive McCarty's failure to exhaust his local administrative remedies." VISD describes McCarty's argument as an attempt to establish subject matter jurisdiction in the district court by waiver.

 Indeed, subject matter jurisdiction is a power that exists by operation of law only and cannot be conferred upon any court by consent or waiver. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000); *see also Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex.2000) (Subject matter jurisdiction is essential to the authority of a court to decide a case; it cannot be waived.). For example, neither the parties nor this court could proclaim that the district court has jurisdiction over a wrongful termination case brought by a former school employee if, in spite of the school district's requirement to do so, the plaintiff had never notified the school board before filing suit. Completion of the administrative hearing process is a prerequisite to the district court's subject matter jurisdiction. However, as we shall explain, in this instance, the matter waived was not a prerequisite to subject matter jurisdiction.

 Waiver is the voluntary and intelligent relinquishment of a known right or intentional conduct inconsistent with the assertion of a known right. *Cecil Pond Constr. Co. v. Ed Bell Invs., Inc.*, 864 S.W.2d 211, 215 (Tex.App.-Tyler 1993, no writ). Under the district's written policy, the board would have been within its rights to refuse to hear evidence on the merits of McCarty's grievance because he did not file it with the board in a timely manner. VISD implies that it did just that. VISD asserts that the board "entertained McCarty's grievance" and considered his testimony regarding his failure to comply with the time requirements of the VISD grievance procedures. It further argues that having an alternative basis for denying the grievance does not constitute a waiver of the board's ability to deny the grievance based upon McCarty's failure to timely exhaust local administrative remedies.

The minutes of the school board's November 12, 2001 meeting indicate that at 8:38 p.m. it went into closed session to consider a personnel matter. The next entry in the minutes indicates an open session beginning at 10:37 p.m. Under the designation "No. 9293" lies the explanation: "Denied Scott McCarty's grievance and upheld the administrative decision on the basis of Mr. McCarty's untimely request for a hearing and also based upon the evidence presented in the hearing." The wording of this sentence does not lead us to the conclusion that the "evidence presented in the hearing" is a reference to evidence regarding McCarty's failure to comply with the time requirements for appealing his grievance. The sentence is not ambiguous. The school board denied the grievance because the appeal was untimely and based on evidence it heard. We con-

clude that the board, in a two hour closed session, heard evidence on the merits of McCarty's grievance.

■ When the board proceeded to hear evidence on the merits, it waived the requirement that the grievance, to be heard by the board, must have been filed within seven days of McCarty's termination. Knowing it had a right to deny the appeal based on a procedural rule, the board acted in a manner inconsistent with an intent to claim this procedural right. We hold that the board waived its right to dispose of McCarty's appeal on procedural grounds after hearing evidence and rendering a decision on the merits. *Hernandez v. Meno*, 828 S.W.2d 491, 494 (Tex. App.-Austin 1992, writ denied); *see also Havner v. Meno*, 867 S.W.2d 130, 134 (Tex. App.-Austin 1993, no writ) (School board waived its procedural right to require a hearing once it took action.). Thus, a procedural time requirement was waived. No prerequisites to the district court's subject matter jurisdiction were waived. When the time requirement was waived, and the school board heard the merits of McCarty's grievance, he satisfied VISD's local administrative remedies.

### State Level Administrative Remedies

■ Finally, VISD argues that McCarty did not exhaust his state level administrative remedies because he did not appeal to the Commissioner of Education. VISD contends that McCarty's grievance falls within the parameters of Education Code Section 7.057, authorizing appeals to the commissioner, because he is aggrieved by the school laws of this state. *See* TEX. EDUC.CODE ANN. § 7.057(a)(1) (Vernon Supp.2003). Specifically, the district argues, he is aggrieved by Section 11.151(b), which provides the school board the exclusive power and duty to govern and oversee the management of the public schools of the district, and section 11.163, which mandates that the board adopt employment policies for personnel. TEX. EDUC.CODE ANN. §§ 11.151, 11.163 (Vernon 1996). VISD asserts that McCarty was aggrieved by school laws because, pursuant to those provisions, the board established the local policies governing his termination and had the authority to hear a timely appeal, decide questions of fact, and determine why McCarty was terminated. We disagree.

In his petition, McCarty specified that he is suing the district under Section 451.001 of the Texas Labor Code to correct the district's allegedly discriminatory employment practices. Section 451.001 prohibits discrimination against an employee in retaliation for filing a workers' compensation claim. TEX. LABOR CODE ANN. § 451.001 (Vernon 1996). McCarty is not complaining about the school board's power and duty to govern the schools of the district or its adoption of local employment policies.

VISD relies on *Daniel v. Dallas Independent School District*, 351 S.W.2d 356 (Tex.App.-El Paso 1961, writ ref'd n.r.e.), where an at-will employee exhausted local remedies but filed suit before attempting any state level remedies. The El Paso court agreed with the district court's determination that the lower court did not have jurisdiction due to Daniel's failure to exhaust administrative remedies. *Daniel*, 351 S.W.2d at 359. Citing *Daniel*, VISD asserts that the important factor is that fact questions remain as to the reason McCarty's employment was terminated.

It is settled that the district court would have jurisdiction if only questions of law were presented. *Jones*, 872 S.W.2d at 296. However, we distinguish *Daniel* in a different manner. At the time *Daniel* was decided, a predecessor to today's Section 7.057 was in effect. It read:

Parties having any manner of dispute among them arising under provisions of

the school laws of Texas, or any person or parties aggrieved by the actions or decisions of any Board of Trustees or Board of Education, may appeal in writing to the Commissioner of Education. Act of April 20, 1949, 51st Leg., R.S., ch. 299, 1949 Tex. Gen. Laws 537, 545 (amended 1969, 1984, 1986, 1990, 2001) (current version at TEX. EDUC.CODE ANN. § 7.057 (Vernon Supp.2003)). The pertinent portion of the current version, as argued by VISD, authorizes appeal to the commissioner by a person who is aggrieved by the school laws of this state. TEX. EDUC.CODE ANN. § 7.057(a)(1). The present statute is not as broad as that in effect in 1961 which allowed appeals by any person aggrieved by any action or decision of a school board.

Daniel argued that his case should not fall within the parameters of the Education Code because it should be governed by the general laws rather than the school laws. The court dismissed his argument without illumination saying that Article 2780 disposes of the matter. Article 2780, entitled "Power of trustees," granted trustees the exclusive power to manage and govern public schools. Acts of 1905, 25th Leg., § 168, 1905 Tex. Gen. Laws 263 (amended 1969) (current version at TEX. EDUC.CODE ANN. §§ 11.051, 11.151 (Vernon 1996)).

"School laws of this state," as used in Section 7.057(a)(1), means Titles 1 and 2 of the Education Code. TEX. EDUC.CODE ANN. § 7.057(f)(2) (Vernon Supp.2003). This phrase was first statutorily defined in 1995. See Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 1, 1995 Tex. Gen. Laws 2207, 2215. Nothing in Titles 1 or 2 speaks to retaliatory discharge. The statutory prohibition against retaliatory discharge was first enacted in 1971. See Act of April 20, 1971, 62nd Leg., R.S., ch. 115, 1971 Tex. Gen. Laws 884 (current version at TEX. LABOR CODE ANN. § 451.001.). Thus, the pertinent statutory provisions

have changed since *Daniel* was decided. The predecessor to Section 7.057 allowed for appeal to the commissioner by a broader group of plaintiffs. Further, there was no legislative guidance for judicial interpretation of the phrase "school laws of this state" and no legislation addressing a cause of action for retaliatory discharge. The statutory picture before us today leads to a different conclusion from that in the 1961 *Daniel* case.

Neither do we find any provisions in Titles 1 or 2 addressing grievance procedures available to at-will employees who are aggrieved by the school district's employment decisions. The legislature has specified that the administrative remedies set out in the Education Code apply to teachers, who are contractual employees. *See* TEX. EDUC.CODE ANN. § 21.209 (Vernon 1996) (allowing teachers to appeal to the commissioner complaining of nonrenewal of their contract); TEX. EDUC.CODE ANN. § 21.301 (Vernon 1996) (allowing appeal to the commissioner after a school board terminates a teacher's contract following review by a hearing examiner pursuant to Education Code Section 21.251). However, no similar provision applies to at-will employees.

We acknowledge that the applicable statutes reveal a legislative intent to keep school controversies out of the courts as much as possible. *Ball v. Kerrville Indep. Sch. Dist.,* 504 S.W.2d 791, 793 (Tex.App.-San Antonio 1973, writ ref'd n.r.e.). While it may be true, as VISD argues, that the policies adopted by the school district and the actions taken by the VISD school board were all actions undertaken pursuant to the school laws of the state, this is immaterial. We conclude that McCarty's complaint, while it does involve questions of fact, does not address the "school laws of this state." Therefore, he was not required to appeal the school board's decision to the Commissioner of Education.

When he appealed the initial decision to the school board, he exhausted his administrative remedies pursuant to VISD's local grievance procedures. Accordingly, the trial court correctly denied VISD's plea to the jurisdiction. VISD's three issues are overruled.

### CONCLUSION

McCarty exhausted required administrative remedies by appealing his discharge to the VISD school board. His case does not involve school laws of this state. Therefore, the Education Code does not apply to require further appeals to the state level. McCarty thereby fulfilled all prerequisites to the trial court's jurisdiction.

Accordingly, we affirm the order of the trial court.