# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00547-CV

---

**San Jacinto River Authority, Appellant**

**v.**

**Ken Paxton, Attorney General of Texas, Appellee**

---

### FROM THE 419TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-000887, THE HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

The San Jacinto River Authority (SJRA) appeals the trial court's order granting the Attorney General's plea to the jurisdiction in a case involving the Texas Public Information Act (PIA). *See generally* Tex. Gov't Code §§ 552.001–.353. The SJRA filed this lawsuit seeking declaratory relief from compliance with the Attorney General's decision that certain documents must be disclosed pursuant to a PIA request. *See id.* § 552.324 (authorizing suit by governmental body against Attorney General regarding PIA decision). We will affirm the trial court's order.

## BACKGROUND

On September 18, 2017, the SJRA received a PIA request from Keaton Fuchs seeking communications discussing "water pre-releases before Hurricane Harvey between August 20, 2017 and September 18, 2017" and "decision-making about water releases between" those same dates. On the same day the SJRA received a PIA request from Charles McFarland seeking documents related to the SJRA's flood-management plan for Lake Conroe in place at the

time of the releases of water between August 28 and September 7, 2017 and any "reservoir release forecast models" for the lake for the past five years. The SJRA determined that certain information responsive to each request was statutorily excepted from disclosure and sought decisions from the Attorney General on the respective requests. *See id.* § 552.301 (outlining procedures for governmental body to request decision from Attorney General about whether requested information falls within statutory exception). Per the affidavit of an SJRA representative, the SJRA "deposited in the mail" each of its two requests for Attorney General decisions on October 2, 2017. *See id.* § 552.301(b) (governmental body must request Attorney General decision no later than tenth business day after date of receiving request).

On November 8, 2017, the Attorney General issued a decision on the McFarland request determining that the requested information was not subject to disclosure under sections 552.101 and 552.103 of the PIA. *See* Tex. Att'y Gen. OR2017-25558 (2017); *see also* Tex. Gov't Code §§ 552.101 (excepting from disclosure information "considered to be confidential by law"), .103 (excepting from disclosure information "relating to litigation" in which state or political subdivision is or may be a party). On December 17, 2017 the Attorney General issued a decision on the Fuchs request determining that the SJRA had failed to timely submit its request for a decision and that, therefore, the information must be disclosed. *See* Tex. Att'y Gen. OR2017-28225 (2017); *see also* Tex. Gov't Code § 552.302 (providing that if governmental body fails to make timely request for Attorney General decision, "the information requested in writing is presumed to be subject to required public disclosure and must be released unless there is a compelling reason to withhold the information"). In the Fuchs decision, the Attorney General concluded, "[a]lthough you assert the submitted information is excepted under section 552.103

of the Government Code, we find you have failed to establish a compelling reason to address your claim under this exception." *See* Tex. Att'y Gen. OR2017-28225 (2017).

Believing that the Attorney General erred in its timeliness determination on the Fuchs request, the SJRA's general counsel, Mitchell Page, contacted the Attorney General's office and spoke with Jesse Harvey from the Open Records Division. In his affidavit attached to the SJRA's response to the Attorney General's plea to the jurisdiction, Page averred the following:

> I contacted Mr. Harvey by telephone and explained to him that Section 552.308 of the Texas Government Code allows timeliness to be established by either the postmark **OR** other proof establishing the request was timely mailed, and that another request for decision mailed at the same time [the McFarland request] was deemed timely.
>
> Given these circumstances, Mr. Harvey invited the SJRA, on behalf of the Attorney General's Office, to submit a request for reconsideration of the timeliness of its request for decision to Mr. Fuch's Public Information Act request. I did so on December 28, 2017.
>
> I also understood this to mean the SJRA's 30-day deadline to file suit following a decision by the Attorney General had not yet begun to run because the Attorney General invited the SJRA to request reconsideration of its decision.
>
> Had Mr. Harvey advised me either that the attorney general would not consider the SJRA's request for reconsideration **OR** that, notwithstanding his request to submit a request for reconsideration, his office would take the position that its request that the SJRA request reconsideration would not affect the deadline for the SJRA to oppose the Attorney General's obviously incorrect ruling, the SJRA would have filed this lawsuit immediately after the Attorney General's initial rejection of the SJRA's request.

On February 6, 2018, the Attorney General sent correspondence to the SJRA stating, "Section 552.301(f) of the Government Code provides that a governmental body is prohibited from asking for a reconsideration of the attorney general's decision. [Citation omitted.] Therefore, unless you file a timely challenge in district court, you must comply with Open

Records Letter No. 2017-28225." *See* Tex. Gov't Code § 552.301(f).[1] On February 23, 2018, the SJRA filed this lawsuit, seeking a declaration under the PIA and the Uniform Declaratory Judgments Act (UDJA) that it is not required to disclose the information requested by Fuchs.

## DISCUSSION

We review the trial court's ruling on the Attorney General's plea to the jurisdiction de novo. *See Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016).

### *Timeliness of the SJRA's suit*

In his plea to the jurisdiction, the Attorney General contended that the thirty-day deadline to file suit in section 552.324 of the PIA is jurisdictional and because the SJRA missed the deadline, the trial court did not have subject-matter jurisdiction over the PIA claim. We agree with the Attorney General.

Section 552.324(b) provides:

(a) **The only suit a governmental body may file seeking to withhold information from a requester** is a suit that:

---

[1] Section 552.301(f) provides, in relevant part,

A governmental body must release the requested information and is prohibited from asking for a decision from the attorney general about whether information requested under this chapter is within an exception under Subchapter C if . . . the governmental body has previously requested and received a determination from the attorney general concerning the precise information at issue in a pending request[.]

Tex. Gov't Code § 552.301(f).

> (1) is filed in a Travis County district court against the attorney general in accordance with Section 552.325; and
>
> (2) **seeks declaratory relief from compliance with a decision by the attorney general issued under Subchapter G**.
>
> (b) **The governmental body must bring the suit not later than the 30th calendar day after the date the governmental body receives the decision of the attorney general** determining that the requested information must be disclosed to the requestor. If the governmental body does not bring suit within that period, the governmental body shall comply with the decision of the attorney general. If a governmental body wishes to preserve an affirmative defense for its officer for public information as provided in Section 552.353(b)(3), suit must be filed within the deadline provided in Section 552.353(b)(3).

Tex. Gov't Code § 552.324 (emphases added).

The Texas Supreme Court has determined that when, as here, the defendant is a governmental entity, "a statutory prerequisite to suit, whether administrative (such as filing a charge of discrimination) or procedural (such as timely filing a lawsuit) is jurisdictional." *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 515 (Tex. 2012) (citing with approval *Jones v. State Bd. of Educator Certification*, 315 S.W.3d 237, 240 (Tex. App.—Austin 2010, pet. denied), which held that plaintiff's failure to file suit for judicial review against agency within thirty days provided in APA deprived trial court of jurisdiction); *see also* Tex. Gov't Code § 311.034 ("Statutory prerequisites to suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."); *Chatha*, 381 S.W.3d at 512 (construing term "statutory prerequisite" in Government Code section 311.034 to mean "statutory provisions that are mandatory and must be accomplished prior to filing suit"). In light of the *Chatha* holding, we conclude that the statutory prerequisite in PIA section 552.324 that a governmental body file suit seeking declaratory relief from an Attorney General decision on a PIA request within thirty days of receipt of that decision is jurisdictional. *See* Tex. Gov't Code § 552.324(b);

5

*Chatha*, 381 S.W.3d at 515. Thus, the SJRA's failure to file its original petition within thirty days of receiving the Attorney General's decision deprived the trial court of jurisdiction over the PIA claim.

Nonetheless, the SJRA rejoins that the effective "decision" here—that which started the thirty-day clock running—was not the December 12, 2017 decision (OR2017-28225) but the February 6, 2018 letter informing the SJRA that it was "prohibited from asking for a reconsideration of the attorney general's decision." The SJRA contends that the December 12 decision was not the "final" one due to the Attorney General's office "inviting" the SJRA to seek reconsideration of the timeliness issue and, therefore, the February 6 letter was the "final determination" about whether the SJRA must disclose the information Fuchs requested. However, section 552.324(b) refers to the date the governmental body receives "*the decision* of the attorney general determining that the requested information must be disclosed to the requestor." *Id.* § 552.324(b) (emphasis added). The February 6 letter cannot reasonably be characterized as "the decision determining that the requested information must be disclosed" because it did not make any reference to disclosure of the information. Rather, it constituted post-decision correspondence merely informing the SJRA that it was prohibited from asking for a reconsideration.

Because the SJRA did not file its original petition within 30 days of receiving the Attorney General's December 12, 2017 decision (OR2017-28225), the trial court properly granted the Attorney General's plea to the jurisdiction on the SJRA's PIA claim.

### The SJRA's UDJA claim

The Attorney General also sought to dismiss the SJRA's UDJA claim for lack of subject-matter jurisdiction, contending that by the claim the SJRA sought relief redundant

6

to that provided by its PIA claim. *See McLane Co. v. Texas Alcoholic Beverage Comm'n*, 514 S.W.3d 871, 877–78 (Tex. App.—Austin 2017, pet. denied) (concluding that trial court did not have jurisdiction over UDJA claims where plaintiff already had "statutory channel by which to obtain the relief it seeks," i.e., relief in form of compelling disclosure of public information via PIA's writ of mandamus procedure); *Poole v. Karnack Indep. Sch. Dist.*, 344 S.W.3d 440, 445 (Tex. App.—Austin 2011, no pet.) ("When a statute provides an avenue for attacking an agency order, a declaratory-judgment action will not lie to provide redundant remedies."); *see also City of El Paso v. Heinrich*, 284 S.W.3d 366, 370–71 (Tex. 2009) (holding that UDJA "does not enlarge a trial court's jurisdiction, and a litigant's request for declaratory relief does not alter a suit's underlying nature"); *Texas Liquor Control Bd. v. Canyon Creek Land Corp.*, 456 S.W.2d 891, 895 (Tex. 1970) ("As a general rule, an action for declaratory judgment will not be entertained if there is pending, at the time it is filed, another action or proceeding between the same parties in which may be adjudicated the issues involved in the declaratory action.").

Because the law is settled on the unavailability of a UDJA claim to confer jurisdiction on a trial court when a statute provides another avenue for the same relief, we conclude that the trial court properly granted the Attorney General's plea to the jurisdiction on the SJRA's UDJA claim. *See, e.g.*, *McLane Co.*, 514 S.W.3d at 877–78.

### *The SJRA's estoppel argument*

The SJRA contends that, even if the thirty-day filing requirement is jurisdictional and the effective decision is the December 12, 2017 one, the Attorney General is estopped from contending that the lawsuit was not timely filed due to his "improper and inequitable conduct." The SJRA argues that the Attorney General (1) improperly determined that its request for an open-records decision was untimely and (2) compounded the error by "inviting" it to submit a

request for reconsideration of the timeliness of its request for a decision, on which it "relied to its detriment." To support its estoppel argument, the SJRA relies on the affidavit of Page.

"As a general rule, a court cannot acquire subject-matter jurisdiction by estoppel." *Wilmer-Hutchins Indep. Sch. Dist. v. Sullivan*, 51 S.W.3d 293, 294 (Tex. 2001) (per curiam); *see Nevitt v. Wilson*, 285 S.W. 1079, 1084 (Tex. 1926) ("Jurisdiction as to subject-matter does not exist by agreement, but by virtue of the Constitution and such valid statutes as may be enacted relating to the subject."). In *Sullivan*, the Texas Supreme Court held that a school district's alleged "misleading" of its former employee–plaintiff as to the availability of or necessity to exhaust administrative remedies did not "confer jurisdiction on a court where none exists otherwise." *Sullivan*, 51 S.W.3d at 295 ("Even if the District misled Sullivan as she claims, her failure to exhaust her administrative remedies is fatal to her action."); *Janik v. Lamar Consol. Indep. Sch. Dist.*, 961 S.W.2d 322, 324 (Tex. App.—Houston [1st Dist.] 1997, pet. denied) (holding that, while allegations that school district failed to inform plaintiff of requirement to exhaust administrative remedies "might have created a fact issue on estoppel, such a dispute cannot confer jurisdiction on a trial court"); *Daniel v. Dallas Indep. Sch. Dist.*, 351 S.W.2d 356, 358–59 (Tex. App.—El Paso 1961, writ ref'd n.r.e.) (rejecting plaintiff's argument that school district was estopped from asserting lack of jurisdiction for failure to exhaust administrative remedies by telling him that "there was nothing more for him to do"); *see also Jones*, 315 S.W.3d at 243 (rejecting plaintiff's argument that agency's public-meeting notice extending deadline for its action on his motion for rehearing also extended deadline for filing petition for review). In the absence of any authority providing an applicable exception to this general rule, we decline to hold that the trial court acquired jurisdiction over this dispute by estoppel, and we overrule the SJRA's estoppel issue.

***The SJRA's "compelling reason" argument***

Lastly, the SJRA contends that even if the trial court did not have jurisdiction over the PIA claim, the court was nonetheless required to consider whether a "compelling reason" exists for the SJRA to withhold disclosure of the requested documents. *See* Tex. Gov't Code § 552.302 (providing that if no timely open-records decision is requested, information is presumed to be subject to disclosure unless there is "compelling reason" to withhold it). We disagree.

The SJRA's argument that it is entitled to a judicial declaration that the documents are not subject to disclosure due to a "compelling reason" is merely another reason it advances in support of its declaratory-judgment action against the Attorney General, for which sovereign immunity is waived only as prescribed by section 552.324. *See id.* § 552.324. We have already determined that the trial court did not have jurisdiction over the SJRA's request for a declaratory judgment, whether brought under the PIA or the UDJA. Accordingly, whatever reason the SJRA advances for why the documents are not subject to disclosure is an issue outside the jurisdiction of the trial court and this Court, on this record. *Cf. Paxton v. City of Dallas*, 509 S.W.3d 247, 259 (Tex. 2017) (construing term "compelling reason" in case where governmental body missed ten-day deadline to request Attorney General decision, but timeliness of PIA suit was not in issue); *Doe v. Tarrant Cty. Dist. Attorney's Office*, 269 S.W.3d 147, 153 (Tex. App.—Fort Worth 2008, no pet.) (considering governmental body's "compelling reason" argument in context of review of denial of mandamus petition filed by requestor after governmental body refused to disclose records despite missing ten-day deadline to request Attorney General decision and records thus being presumed to be public).

9

## CONCLUSION

Having overruled the SJRA's issues, we affirm the trial court's order granting the Attorney General's plea to the jurisdiction.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed

Filed:   August 22, 2019