**Opinion issued March 5, 2026**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00091-CR
_____

## EX PARTE ANNA GILDON, Appellant

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Case No. 0422751-A**

---

\*\*\*

_____

## NO. 01-24-00093-CR
_____

## EX PARTE ROBERT GILDON, Appellant

---

***

_____

**NO. 01-24-00198-CR**
_____

**EX PARTE FELICIA MIMMS, Appellant**

On Appeal from the 174th District Court
Harris County, Texas
Trial Court Case No. 0422750-A

**O P I N I O N**

In a series of trials conducted in the mid-1980s, seven people were prosecuted for the aggravated sexual assault of a child. Appellants Robert Gildon, Anna Gildon, and Felicia Mimms were co-defendants in one of the trials. The trial ended with a hung jury, and Appellants later pleaded no contest under a plea agreement. Per the plea agreement, the trial court placed Appellants on deferred-adjudication community supervision for eight years, which they each completed in the 1990s. About thirty years later, Appellants applied for writs of habeas corpus under Article 11.072 of the Texas Code of Criminal Procedure, claiming actual innocence. An associate judge denied the applications by written orders, and Appellants appealed.

The State has moved to dismiss the appeals, arguing that the associate judge's orders are not appealable because Article 11.072 requires a written order from the presiding judge of the trial court.  Because we agree that we lack jurisdiction, we grant the State's motion and dismiss the appeals.

**Background**

On January 31, 2023, Appellants applied for relief under Article 11.072, which allows a defendant placed on deferred-adjudication community supervision to seek a writ of habeas corpus. TEX. CODE CRIM. PROC. art. 11.072, § 1. Authorized applicants include people, like Appellants, who have completed their community supervision. *Id.* § 2(b) (requiring that "[a]t the time the application is filed, the applicant must be, *or have been*, on community supervision" (emphasis added)).

The writ applications asserted that Appellants were actually innocent based on allegations that the aggravated-sexual-assault prosecutions arose from the "Satanic Panic or Daycare Panic" controversy in the 1980s,[1] one of the prosecutors had resigned his law license in lieu of disbarment, and the complainant, now an adult, had recanted.  The State responded that the applications were frivolous, emphasizing the evidence of guilt in the criminal trial and pointing out that a different court had

---

[1]     *See generally* Wikipedia, https://en.wikipedia.org/wiki/Day-care_sex-abuse_hysteria (last visited March 3, 2026).

3

already concluded the complainant did not recant her allegations in connection with post-conviction writ proceedings brought by one of the other defendants.

Although the appellate records in these appeals do not contain referral orders, Appellants' writ applications apparently were referred to an associate judge.[2] But before the associate judge acted on the applications, Appellants moved to withdraw them to "further investigate" and "gather additional proof" of their innocence. The State opposed the withdrawal motions, complaining that Appellants should not be allowed to use the habeas proceedings as a fishing expedition, and the associate judge denied withdrawal.

The next day, the State asked the associate judge to enter orders denying the writ applications, asserting that a ruling was past due. *See id.* § 6(a) ("Not later than the 60th day after the day on which the state's answer is filed, the trial court shall enter a written order granting or denying the relief sought in the application."). The State submitted proposed orders and findings of fact and conclusions of law for the associate judge's signature.

The associate judge ultimately signed an order adopting the State's proposed findings of fact and conclusions of law and denying the habeas applications in each of Appellant's cases. In relevant part, the associate judge's orders state:

---

[2]     The records also do not include any objection to the referral or to the associate judge's authority.

4

By the following signature, this Courts adopts the State's Proposed Findings of Fact and Conclusions of Law in [the relevant cause number] and <u>orders</u> that the applicant's application for writ of habeas corpus pursuant to Article 11.072 of the Texas Code of Criminal Procedure is <u>denied</u>.

After the writ applications were denied, Appellants moved for the denial orders to be vacated and for permission to nonsuit, withdraw, or dismiss the applications instead. The associate judge rejected these efforts orally and in written orders.

Appellants appealed the associate judge's written orders purporting to deny their writ applications. The three appeals initially were split between this Court and the Fourteenth Court of Appeals, but the one appeal pending in the Fourteenth Court has since been transferred here. Because the original clerk's records filed in the appeals did not contain a signed certificate of Appellants' rights to appeal the orders denying their applications, both this Court and the Fourteenth Court asked the trial court to sign a proper certification and include it in a supplemental clerk's record. In two of the appeals—the appeals brought by Robert and Anna Gildon—the certifications filed in the first supplemental clerk's records were not signed by the trial court. In the third appeal—the appeal brought by Felicia Mimms—the first supplemental clerk's record included no certification and only a deputy district clerk's affidavit stating that the trial court would not produce a certification of

Appellants' right to appeal based on information that "the attorney was not moving forward with the defendant."

However, the trial court later signed certifications included in a second supplemental clerk's records in all three appeals. The certifications state that these are not "plea-bargain cases" and Appellants have the right of appeal.

## Appellate Jurisdiction

The State has moved to dismiss these appeals, arguing that Article 11.072 requires, as a predicate to appellate jurisdiction, a written order from the trial court judge—not the associate judge—that either grants or denies relief. Relying on the fractured decision in *Ex parte Sinclair*, 693 S.W.3d 346 (Tex. Crim. App. 2024), the State argues that because the trial court judge never signed orders adopting the associate judge's rulings, there are no appealable orders and this Court lacks jurisdiction. Appellants respond that the State has either waived or is estopped from making its jurisdictional challenge and, in any event, the challenge lacks merit.

### A. Relevant law

Appellate jurisdiction must be legislatively conferred. *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014); *see also Whitefield v. State*, 430 S.W.3d 405, 407–08 (Tex. Crim. App. 2014) (observing that, under TEX. CONST. art. V, § 6, "a statute must expressly give the courts of appeals jurisdiction"); *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) ("The standard for determining

6

jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law."). "Jurisdiction of the courts of appeals to entertain appeals from a trial court's resolution of community-supervision writ applications under Article 11.072 is expressly conferred by Section 8 thereof." *Sinclair*, 693 S.W.3d at 354.

This Court's jurisdiction to entertain appeals from a trial court's resolution of community-supervision writ applications arises from Article 11.072 itself. Under Article 11.072, a defendant placed on community supervision may file a writ application challenging the "legal validity" of a community-supervision order. TEX. CODE CRIM. PROC. art. 11.072, § 2(b)(1). "[T]he trial court shall enter a written order granting or denying the relief sought in the application" within sixty days from the date the State answers. *Id.* § 6(a). "If the court determines from the face of an application . . . that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous." *Id.* § 7(a). Otherwise, the court "shall enter a written order including findings of fact and conclusions of law." *Id.* Section 8 expressly confers appellate jurisdiction to hear the losing party's appeal. *Id.* § 8 (providing that if application is granted in whole or part, State may appeal, but if application is denied in whole or part, applicant may appeal). Generally, for an appeal from an order granting or denying relief to proceed, the order must be reduced to writing. *See State v. Sanavongxay*, 407 S.W.3d 252, 258–59 (Tex. Crim. App. 2012).

7

Relevant here, to assist with the processing of writ applications, Article 11.072 allows trial courts to appoint "an attorney or magistrate to hold a hearing . . . and make findings of fact." TEX. CODE CRIM. PROC. art. 11.072, § 6(d). The statute does not list any further duties for an appointed attorney or magistrate with respect to writ applications. *See id.*; *Sinclair*, 693 S.W.3d at 352.

But the associate judge did not just hold hearings or make fact findings in these appeals; she also signed written orders purporting to deny Appellants' writ applications. This implicates a second statute—the statute governing associate judges in criminal matters. *See* TEX. GOV'T CODE § 54A.001–.014. Chapter 54A, Subchapter A of the Texas Government Code authorizes district and statutory county court judges who hear criminal cases to appoint associate judges. *See id.* §§ 54A.001, .002(a).[3] The proceedings that may be referred to the associate judge include "any matter arising out of a criminal case involving," among other things, "a writ of habeas corpus." *Id.* § 54A.006(a)(4).

When a referral has been made, the scope of the associate judge's authority is set out in Section 54A.008. Titled "Powers," Section 54A.008 explicitly authorizes associate judges to "rule" only on limited matters—namely, "admissibility of evidence" and "pretrial motions." *Id.* § 54A.008(a)(4), (10). But the associate judge

---

[3] "An associate judge has all of the powers of a magistrate under the laws of this state[.]" TEX. GOV'T CODE § 54A.006(c).

may "make findings of fact on evidence" and "recommend the rulings, orders, or judgment to be made in a case." *Id.* § 54A.008(a)(8), (11). Additionally, there is a catch-all provision authorizing the associate judge to "take action as necessary and proper for the efficient performance of the duties required by the order of referral." *Id.* § 54A.008(a)(17).

Section 54A.013 provides: "Not later than the 30th day after the date an action is taken by an associate judge, a referring court may modify, correct, reject, reverse, or recommit for further information the action taken by the associate judge." *Id.* § 54A.013(a). If the referring trial court judge does none of those things, the associate judge's action "becomes the decree of the court." *Id.* § 54A.013(b).

Considering Article 11.072 and Chapter 54A, Subchapter A, we consider whether (1) the associate judge's written orders purporting to deny Appellants' writ applications are appealable or (2) the trial court judge otherwise entered a written order denying the relief sought.

## B.     There are no appealable orders yet

In support of its contention that the associate judge's orders purporting to deny Appellants' writ applications are not appealable, the State urges us to adopt the position of the three justices in *Sinclair*'s lead opinion. *See* 693 S.W.3d at 347.

Like Appellants here, the *Sinclair* applicant was placed on deferred-adjudication community supervision, successfully completed it, and later, applied

for a habeas writ under Article 11.072 based on actual innocence. *See* 693 S.W.3d at 348. The presiding judge in Bexar County, where the application was filed, referred the matter to a magistrate judge with instructions to "[i]ssue the writ of habeas corpus" and "conduct a hearing." *Id.* The referral order directed the magistrate to act under the statutory authority given to criminal magistrates in Bexar County and stated that any "action you [the magistrate judge] take will become a decree of this Court if not super[s]eded by an order entered by me within fifteen (15) days of your report of your action to me." *Id.* (brackets in original). The magistrate held a hearing and orally announced findings and conclusions recommending relief. *Id.* at 348–49. But one month later, the magistrate granted the State's motion to reconsider, held a new hearing, and orally denied relief. *Id.* Although the magistrate did not immediately sign a written order, the State obtained one after the court of appeals inquired in connection with the applicant's appeal. *Id.* The court of appeals then treated the magistrate's written order as final and appealable. *Id.*

On review, the Court of Criminal Appeals questioned whether the court of appeals lacked jurisdiction because the magistrate's written order was not appealable. *Id.* at 348. The lead opinion, relied on by the State, answered that question negatively, reasoning that "[s]everal provisions of Article 11.072 contemplate that the disposition of a writ application may be accomplished *only* by way of a written order granting or denying relief—*by the trial court*." *Id.* at 358

10

(emphasis in original); *see also* TEX. CODE CRIM. PROC. art. 11.072, § 6(a) ("*the trial court* shall enter a written order granting or denying relief sought" (emphasis added)); § 7(a) (if "the court" concludes the writ application is frivolous, *it* "shall enter a written order denying the application as frivolous" and, "[i]n any other case, *the court* shall enter a written order including findings of fact and conclusions of law" (emphasis added)). In fact, the lead opinion described the statute as "*pervasively* contemplat[ing] that the writ must be disposed of by a written order from the trial court." *Sinclair*, 693 S.W.3d at 352 (emphasis added). Additionally, nothing in the statute regulating criminal magistrates in Bexar County authorized a magistrate to whom an Article 11.072 writ application is referred to render an order that ultimately disposes of the case. And thus, the lead opinion concluded, "Only the trial court judge can sign the written order disposing of the case, and only a written order of the trial court judge, so disposing of the case, will serve as an appealable order." *Id.* at 359. Per the lead opinion, because the trial court judge had not signed an appealable written order at the time the notice of appeal was filed, the court of appeals lacked jurisdiction, the appeal had to be dismissed, and the case remained pending in the trial court. *Id.* at 359–60.

It is tempting to label the position of the three justices in the lead opinion a "plurality" of the court, but that is not an accurate designation. A "plurality opinion" is the opinion in a fractured decision that was joined by the highest number of judges

or justices. *Unkart v. State*, 400 S.W.3d 94, 100 (Tex. Crim. App. 2013). But the lead opinion in *Sinclair* was not adopted by a plurality of the court. Instead, two justices concurred in the result without an opinion, and four other justices disagreed with the lead opinion's analysis. *See Sinclair*, 693 S.W.3d at 347 (lead opinion by Yeary, J., joined by P.J. Keller and J. Keel); *id.* at 360 (Richardson and McClure, JJ., concurring without opinion); *id.* (Newell, J., dissenting, joined by JJ. Hervey, Walker, and Slaughter).

With the decision fractured in this way, the lead opinion in *Sinclair* is not binding (and neither is the dissenting opinion). *Cf. Unkart*, 400 S.W.3d at 100–01 (discussing plurality opinions); *Person v. State*, 994 S.W.2d 176, 177 n.3 (Tex. Crim. App. 1999) (same); *Harris Cnty. Hous. Auth. v. Rankin*, 414 S.W.3d 198, 202–03 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (same). No "majority holding" or narrow rule of decision can be found between the lead opinion and the dissenting opinion, which would have held that, under the Bexar County magistrate statute and the trial court's referral order, the magistrate's order became the final decree of the trial court when the trial did not correct, modify, or supersede it within the prescribed time. *Sinclair*, 693 S.W.3d at 361 (Newell, J., dissenting). Still, we may rely on the lead opinion's reasoning to the extent we find it persuasive. *See City of Baytown v. Fernandes*, 674 S.W.3d 718, 728 (Tex. App.—Houston [1st Dist.] 2023, no pet.). We do here.

12

Particularly persuasive is the lead opinion's observation that Article 11.072 expressly circumscribes an associate judge's authority to act by listing only two tasks: she may (1) "hold a hearing" ordered under Section 6, and (2) "make findings of fact." *See* TEX. CODE CRIM. PROC. art. 11.072, § 6(d). An associate judge's enumerated powers do not include ruling on a writ application or any further duties with respect to an Article 11.072 application. *Sinclair*, 693 S.W.3d at 352. In contrast, the statute enumerates several actions the trial court must take. Most notably under Section 6(a), as observed by the lead opinion, "*the trial court* shall enter a written order granting or denying the relief sought in the application" within sixty days from the date the State files its answer. TEX. CODE CRIM. PROC. art. 11.072, § 6(a) (emphasis added); *see Sinclair*, 693 S.W.3d at 352. Additionally, under Section 7(a), "[i]f *the court determines* from the face of an application or documents attached to the application that the applicant is manifestly entitled to no relief, *the court shall enter* a written order denying the application as frivolous." TEX. CODE CRIM. PROC. art. 11.072, § 7(a) (emphasis added); *see Sinclair*, 693 S.W.3d at 352.

Considering Article 11.072's designation of tasks between the trial court and the magistrate, we agree with the lead opinion that "[o]nly the trial court judge can sign the written order disposing of the case, and only a written order of the trial court judge, so disposing of the case, will serve as an appealable order." *Sinclair*, 693

13

S.W.3d at 359.  Accordingly, we hold that the associate judge's orders purporting to deny Appellants' writ applications are not appealable.  *See id.*

Appellants argue that even if the associate judge's written order was not *immediately* appealable it became the order of the trial court thirty days later under Section 54A.013, because the trial court did not "modify, correct, reject, reverse, or recommit [the] action to the associate judge."  TEX. GOV'T CODE § 54A.013(b).  This argument is in line with the position of the dissenting justices in *Sinclair*.  *See* 693 S.W.3d at 361 (Newell, J., dissenting) ("Pursuant to the statute and the trial court's referral order, fifteen days after the magistrate entered the order, the magistrate's written order became the final decree of the trial court because the trial court did not correct or modify it or enter an order superseding it.").

As noted, the enumerated powers in Section 54A.008 do not expressly include rendering an order that ultimately disposes of a case.  *See* TEX. GOV'T CODE § 54A.008(a).  And we do not know whether Section 54A.008(a)(17)'s catch all authorizing the associate judge to "take action as necessary and proper for the efficient performance of the duties required by the order of referral" was used here because no order of referral specifying the associate judge's duties is included in the appellate records.  *See id.* § 54A.008(a)(17).  But even under the facts of *Sinclair*, where the referring order instructed that the magistrate's rulings would become orders of the court if the trial court took no action, that was not enough.  *See* 693

14

S.W.3d at 358. The lead opinion reasoned, "The mere tacit acceptance of a magistrate judge's recommended ruling as the decree of the court, under [the Bexar County statute], does not result in an appealable order from Article 11.072 proceeding. . . . Article 11.072 *itself* requires, as a predicate to appellate jurisdiction, a discrete written order from the trial court judge that either grants or denies relief." *Id.* (emphasis in original). We agree and hold that the mere tacit acceptance of an associate judge's ruling as the decree of the court under Section 54A.013 does not result in an appealable order under Article 11.072.

We therefore hold that while Article 11.072 specifically allows for the assignment of an associate judge to hold a hearing and make findings of fact in a community-supervision habeas writ case, the associate judge's ruling must be adopted by the referring court by written order signed after the associate judge's ruling is entered to become a final, appealable order. *See id.* at 360 ("We conclude that there is not yet an appealable order in this case, and that the court of appeals consequently never acquired jurisdiction to entertain Appellant's appeal."). Because no such orders exist yet, we lack jurisdiction over Appellants' attempted appeals.[4] *See id.*; *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

---

[4] We disagree with Appellants that the signed certificates of their right to appeal are the "functional equivalent of [the trial court] adopting the actions" of the associate judge and thus satisfy Article 11.072's requirement for a written order of the trial court. On each certificate, the trial court checked the box stating the case "is not a

15

## C. Neither estoppel nor waiver confers appellate jurisdiction

Appellants contend the State cannot challenge appellate jurisdiction based on the lack of a written order from the trial court because the State did not object to the associate judge ruling on the writ applications and instead invited those rulings.

The State did not waive its challenge to this Court's appellate jurisdiction by failing to object in the trial court. The State's challenge concerns this Court's appellate jurisdiction. Through its motions to dismiss these appeals, the State *has* objected that this Court lacks jurisdiction because no appealable order has yet been entered by the trial court judge. Moreover, this Court is obligated to examine its own jurisdiction, regardless of the State's arguments. *See Strange v. State*, 258 S.W.3d 184, 185 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *see also Sinclair*, 693 S.W.3d at 359 n.19 (recognizing court of appeals' first inquiry must be its own jurisdiction); *Davis v. State*, No. 01-24-00916-CR, 2025 WL 1184232, at *1 (Tex. App.—Houston [1st Dist.] Apr. 24, 2025, no pet.) (mem. op.; not designated for publication) (per curiam) ("Courts always have jurisdiction to determine their own jurisdiction.").

We also disagree that the State's jurisdictional argument is barred by the doctrines of invited error or judicial estoppel. *See, e.g., Woodall v. State*, 336 S.W.3d

plea-bargain case, and the defendant has the right of appeal." There is no mention of or reference to the writ applications or the purported denial of same.

16

634, 644 (Tex. Crim. App. 2011) ("The law of invited error provides that a party cannot take advantage of an error that it invited or caused, even if such error is fundamental."); *Arroyo v. State*, 117 S.W.3d 795, 798 (Tex. Crim. App. 2003) (recognizing party may be estopped from asserting a claim that is inconsistent with the party's prior conduct). The lead opinion in *Sinclair* rejected the same argument, refusing to hold that "the court of appeals can be conferred jurisdiction by estoppel." *Sinclair*, 693 S.W.3d at 359 n.19 (citing *Daniel v. Dallas Indep. Sch. Dist.*, 351 S.W.2d 356, 359 (Tex. App.—El Paso 1961, writ ref'd n.r.e.), for principle that court's jurisdiction "is so important and essential that it has long been held that it cannot be conferred by estoppel"). We do the same.

## D. The proper remedy

Appellants urge that dismissal of their appeals is unnecessary because an abatement and remand for the trial court judge to enter a written order is a proper, more efficient remedy, citing Texas Rule of Appellate Procedure 44.4. But the absence of appellate jurisdiction prevents that remedy here. *See Thomson v. State*, 727 S.W.3d 200, 205 (Tex. Crim. App. 2025).

The Texas Rules of Appellate Procedure allow a reviewing court to abate an appeal and remand it o the trial court under certain special circumstances. Relevant here, Rule 44.4 empowers the courts of appeals to abate and remand an appeal to the trial court if: "(1) the trial court's erroneous action or failure or refusal to act prevents

17

the proper presentation of a case to the court of appeals; and (2) the trial court can correct its action or failure to act." *See* TEX. R. APP. P. 44.4(a).

Examples of trial court actions that "prevent the proper presentation of a case to the court of appeals" include things like refusing to permit a defendant to make an offer of proof, failing to conduct a proper *Batson* hearing, and failing to make findings of fact required by law. *See Thomson*, 727 S.W.3d at 204 (listing cases). "The key to Rule 44.4 is that there must be an error that the appellate court can correct." *LaPointe v. State*, 225 S.W.3d 513, 522 (Tex. Crim. App. 2007).

Here, the issue is not error correction but want of appellate jurisdiction. Using Rule 44.4 in the manner suggested by Appellants would effectively create jurisdiction where none currently exists. This we cannot do.[5] *See Thompson*, 727 S.W.3d at 205 (instructing that "courts (including appellate courts) cannot simply

---

[5] Case law allows courts to abate appeals when jurisdictional uncertainty arises from conflicting or unclear trial records. For example, in *Henery v. State*, a conflict existed in the record between the trial court's oral denial of a motion to quash the defendant's information and its subsequent written order granting the same motion. 364 S.W.3d 915, 916 (Tex. Crim. App. 2012). The court explained that the conflict prevented "the proper presentation of [the defendant's] case on appeal" because "the trial court could not have intended for both the denial and the grant of [the defendant's] motion to quash." *Id.* at 918–19. And the trial court's jurisdiction over the case—as well as the jurisdiction of the court of appeals—depended on which of the trial court's rulings controlled. *Id.* at 918. Because only the trial court was positioned to clarify which ruling was intended, abatement was proper to resolve the jurisdictional uncertainty. *Id.* That is not the circumstance here, where an abatement and remand would be for the purpose of creating appellate jurisdiction rather than clarifying it.

18

create jurisdiction where none is conferred," and emphasizing that "where there is no jurisdiction, 'the power of the court to act is absent as if it did not exist,' and any order entered by a court having no jurisdiction is void" (quotation and ellipsis omitted)).

Moreover, the lead opinion in *Sinclair* did not apply Rule 44.4. Instead, it vacated the court of appeals' judgment, remanded to that court with instructions to dismiss the appeal, and noted that the case remained pending in the trial court. *See Sinclair*, 693 S.W.3d at 359–60; *see also Slaton*, 981 S.W.2d at 210 (holding if appellate court has no jurisdiction over appeal, it may "take no action other than to dismiss the appeal"). Dismissal rather than abatement is the proper remedy.[6] *See Sinclair*, 693 S.W.3d at 359; *Slaton*, 981 S.W.2d at 210.

---

[6] *Ex parte Thuesen*—cited by Appellants—does not compel a different remedy. *See* 546 S.W.3d 145 (Tex. Crim. App. 2017). *Thuesen* concerned an application for a habeas writ under Article 11.071, which creates an exclusive procedural framework for capital cases that provides for direct review by the Court of Criminal Appeals and is different than Article 11.072. *See id.* at 147; *see* TEX. CODE CRIM. PROC. art. 11.071, § 1; *see also id.* § 4 (making application "returnable to the court of criminal appeals," bypassing intermediate courts). No question of appellate jurisdiction was presented. The Court of Criminal Appeals remanded the case for new findings of fact and conclusions of law because the judge who issued the original findings and conclusions did not have authority to preside over the habeas proceedings after he recused himself. *See Thuesen*, 546 S.W.3d at 153–57. Rule 44.4 was not applied or discussed. *See id.*

19

## Conclusion

For these reasons, we grant the State's motions and dismiss the appeals. Appellants' motions for an abatement are denied.

<div style="margin-left:40%">

Andrew Johnson
Justice

</div>

Panel consists of Justices Guerra, Guiney, and Johnson.

Publish.  TEX. R. APP. P. 47.2(b).